METROPOLITAN DISTRICT COMMISSION vs. CODEX
CORPORATION.

Suffolk.  May 9, 1985. — July 29, 1985.

Present: HENNESSEY, C.J., WILKINS, LIACOS, ABRAMS, & LYNCH, JJ.

*Practice, Civil,* Injunction, Hearing, Summary judgment. *Injunction.*

A judgment enjoining a corporation from constructing a fence on certain
property subject to conservation restrictions under an order of taking of
the Metropolitan District Commission was reversed on appeal, where
the commission was not entitled to judgment as matter of law and the
record on appeal did not show the facts on which the judge's order for
judgment in favor of the commission was based. [524-526]

In an action by the Metropolitan District Commission seeking to enjoin a
corporation from constructing a fence on certain property subject to
conservation restrictions, the judge erred in concluding that issuance of
a preliminary injunction was warranted, where the only irreparable harm
suggested by the commission was "the aesthetic injury, instantaneous
and irreparable," that passersby on two highways adjoining the property
would sustain in seeing the fence, and where the judge's decision to
issue a preliminary injunction, as an alternative to his decision on the
merits, rested at least in part on his misperception of the merits of the
commission's claim. [526]

CIVIL ACTION commenced in the Superior Court Department
on September 27, 1984.

The case was heard by *William G. Young,* J.

The Supreme Judicial Court on its own initiative transferred
the case from the Appeals Court.

*Samuel Hoar* (*Bradford S. Gentry* with him) for the defend-
ant.

*Lee L. Bishop,* Assistant Attorney General (*Janet G.
McCabe,* Assistant Attorney General, with him) for the plain-
tiff.

WILKINS, J. At the heart of this case is the question whether
the defendant Codex Corporation (Codex) may construct a fence

of a particular kind, with associated landscaping, on its property in Canton, known as the Prowse Farm, without violating any restriction set forth in an order of taking by the Metropolitan District Commission (MDC).[1] On June 7, 1984, the MDC adopted two orders of taking of conservation restrictions and easements with respect to the Codex property, which abuts Route 128 on the south and Route 138 on the west. Only one of the orders is directly involved in this appeal. Each order concerned both a portion of the Codex property described as the "Farm" parcel, consisting of about forty-two acres, and a portion described as the "Campus" parcel, consisting of about fourteen acres.

Section 1.0 of the order of taking that contains the restriction significant to this appeal (the second order) provides that "[t]o assure the retention of the Property in agricultural, farming or forest use and to protect the natural resources of the Town of Canton, that portion of the Property described as the Farm shall retain its present character and use subject only to the limited development rights hereinafter permitted." The MDC maintains that, if Codex were to construct and maintain the proposed perimeter fence on the western and southern boundaries of the farm property, Codex would violate the requirement of Section 1.0 that the "Farm shall retain its present character."

The MDC alleges that it commenced this action after Codex advised it that Codex intended to begin construction of the fence despite the MDC's disapproval of the character of the proposed fence. The MDC sought a preliminary injunction prohibiting construction of the fence. According to the judge's memorandum of decision, at some point during the hearing on the preliminary injunction he indicated that, "if the material facts appeared undisputed and the issue presented might be resolved as matter of law, this Court would treat the hearing on the application for a preliminary injunction as a trial on the merits pursuant to Mass. R. Civ. P. 65 (b) and would proceed

---

[1] The authority of the MDC to take land in the town, or an interest in land in the town, by eminent domain without the approval of the Canton board of selectmen was recognized in *Codex Corp.* v. *Metropolitan Dist. Comm'n,* 392 Mass. 245 (1984).

to enter an appropriate judgment." The judge stated further that no party objected to this procedure "while both reserved their respective rights to challenge this Court's possible conclusion that the matter might properly be decided upon the undisputed facts."

The judge concluded that he could come to a final answer on the basis of the so-called "undisputed facts" and ordered that judgment be entered enjoining Codex to cease and desist from erecting a Colorbond fence on the farm and to remove any fencing already constructed (except for any fence "postings and footings entirely below ground"). Other than the orders of taking which were before the judge as exhibits annexed to the complaint, we are not able to determine what "undisputed facts" were before him. Codex had filed no responsive pleading by the time of the hearing on the preliminary injunction and the time for it to do so had not arrived. There was no written stipulation of facts. No transcript of the hearing exists, and none could be made because the proceeding was not transcribed by a stenographer or recorded electronically.

Codex argues strenuously that it was entitled to but was not granted either clear and unambiguous notice of the consolidation of the hearing on the preliminary injunction and the trial on the merits or a full opportunity to present its case. See *Packaging Indus. Group, Inc.* v. *Cheney,* 380 Mass. 609, 616-617 n.10 (1980); *Paris* v. *United States Dep't of Hous. & Urban Dev.,* 713 F.2d 1341, 1346 (7th Cir. 1983). We cannot resolve this point on the record before us. When there is no transcript of such a consolidated proceeding and the facts on which the judge based his decision are not apparent, effective appellate review may be improperly foreclosed. Concessions of counsel and facts orally agreed to may be essential foundations of the judge's decision. They should be shown on the record of the proceedings.

A hearing on an application for a preliminary injunction, consolidated with a trial on the merits pursuant to rule 65 (b) (2), 365 Mass. 832 (1974), should be conducted in circumstances that can produce a clear indication of the factual basis for the judge's decision. Written stipulations of fact or

uncontroverted affidavits (assuming adequate notice) could provide that factual basis, thus making the hearing on the merits substantially similar to a hearing on a motion for summary judgment, but, generally speaking, we would expect the proceeding to be transcribed by a stenographer or recorded electronically.

We consider the correctness of the judgment only in terms of the facts which are conceded by Codex. We suspect that they are substantially the same facts that the judge regarded as uncontested. In 1982 Codex asked the State Department of Public Works to replace the wire fencing along the property's highway boundaries. That agency declined for want of sufficient appropriations but provided Codex with specifications for a standard fence somewhat over six feet in height. Codex consulted its landscape architect, who proposed a fence of about the same height with dark colored posts and fabric, "backplanted" to a greater height with plant materials and constructed in front of a berm or, where appropriate, in the woods. Although Codex was not obliged to submit its proposed fencing plans to the MDC for its approval, it did so, and a considerable dispute developed that led to this lawsuit.

The judge's ruling in favor of the MDC depended on his conclusion of law that the requirement that the farm area "retain its present character" was to "be ascertained with relation to the original character of the Prowse Farm." There was no evidence presented of the original character of Prowse Farm. On its face, we would have expected the order of taking, in referring to the farm's "present character," to speak as of June 7, 1984, the date the order was adopted, and not as of some earlier date. If there are extraneous circumstances that require a different view of the words "present character," the judge does not say what they are and, of course, the record is silent on the point. Consequently, the MDC was not entitled to a judgment as a matter of law on the face of the language of Section 1.0.[2] The effect of the proposed fencing and associated

---

[2] The judge correctly concluded that the record did not warrant relief on the merits at that time under other provisions of the order of taking on which the MDC relied in its complaint.

landscaping on the present character of the farm could not be determined in the abstract.

The judge further concluded that, if his ruling on the merits was in error, the MDC had made an adequate showing of irreparable harm and of a reasonable likelihood of success on the merits to warrant a preliminary injunction, in light of the public interest. We agree that the MDC had to demonstrate irreparable harm in order to be entitled to a preliminary injunction. Contrast *Commonwealth* v. *Mass. CRINC,* 392 Mass. 79, 89-90 (1984) (irreparable harm need not be shown by the Attorney General, acting for the Commonwealth, in seeking to enforce compliance with a statute). The only irreparable harm suggested by the MDC is the "aesthetic injury, instantaneous and irreparable" that passersby will sustain in seeing the fence while the case is being decided on the merits. We question whether the alleged concern of any passerby on abutting State highways in seeing fencing no worse in appearance, and arguably less intrusive, than normal highway fencing, would be either harm or irreparable. It would seem to be a passing concern at most. In any event, the judge's decision to issue a preliminary injunction as an alternative to his decision on the merits rests at least in part on his misperception of the merits of the MDC's claim.

We vacate the judgment and the order (in the alternative) that a preliminary injunction should issue. We remand the case for further attention. The MDC may wish to renew its motion for a preliminary injunction. We hope, however, that Codex and the MDC come to an agreement on the appropriate fencing and associated landscaping for the site. All parties agree fencing is necessary. There has to be some recognition that maintenance of the "present character" of a farm must accommodate the fact that the farm abuts a substantial interstate highway (Route 128) and another highway (Route 138) and that, under the orders of taking, Codex must maintain a farm that could have livestock on it and will have school children visiting.

*Judgment reversed.*