DIANE COBB *vs*. JAMES COBB.

Middlesex. September 12, 1989. - November 8, 1989.

Present: LIACOS, C.J., WILKINS, NOLAN, LYNCH, & O'CONNOR, JJ.

*Moot Question. Practice, Civil*, Moot case. *Constitutional Law*, Residents of Federal enclaves. *Jurisdiction*, Over land ceded to Federal government.

This court, notwithstanding the fact that the case had been rendered moot by the expiration of an abuse prevention order issued by a District Court judge under G. L. c. 209A, apparently without the defendant having violated it, concluded that it would answer two reported questions raising doubt as to whether Massachusetts judges have the authority to issue c. 209A orders intended to be effective and enforceable in various areas ceded to the Federal government. [23-24]

A District Court judge was not precluded from issuing an abuse prevention order under G. L. c. 209A, solely because the plaintiff is a member of the armed services residing and working at Fort Devens, an area that Massachusetts has ceded to the United States, and, in the absence of any indication that such an order interfered with the jurisdiction asserted by the Federal government, the order was lawfully effective within the confines of Fort Devens. [24-26]

CIVIL ACTION commenced in the Ayer Division of the District Court Department on December 2, 1988.

Questions of law were reported to the Appeals Court by *Joseph T. Travaline*, J. The Supreme Judicial Court granted a request for direct review.

*Charles W. Rankin* for Diane Cobb.

*James M. Shannon*, Attorney General, & *Jon Laramore*, Assistant Attorney General, for the Attorney General & another, amici curiae, submitted a brief.

*Stuart E. Schiffer*, Acting Assistant Attorney General of the United States, *Wayne A. Budd*, United States Attorney, *Anthony J. Steinmeyer & Jeffrica Jenkins Lee*, of the Dis-

trict of Columbia, Attorneys, United States Department of Justice, for Department of the Army, amicus curiae, submitted a brief.

WILKINS, J. The presiding justice of the Ayer Division of the District Court Department has reported two questions, pursuant to Mass. R. Civ. P. 64, 365 Mass. 831 (1974), concerning his authority to issue a restraining order under G. L. c. 209A (1988 ed.) that would apply to residents of Fort Devens, an area that Massachusetts has ceded to the United States. See St. 1921, c. 456; St. 1933, c. 290; St. 1950, c. 778; St. 1966, c. 482.

The plaintiff, a member of the armed forces, lives with her minor son at Fort Devens and works there. She is married to the defendant who, before the order was entered, lived with the plaintiff at Fort Devens. She presented sufficient facts to the judge to warrant the issuance of an abuse prevention order under G. L. c. 209A. The judge issued a temporary order on December 6, 1988, granting the plaintiff custody of the parties' minor child and directing the defendant to leave and remain away from their home. On the same day, the judge reported two questions to the Appeals Court as to his power to issue abuse prevention orders affecting persons who reside at Fort Devens. He noted that "[t]he availability of relief under G. L. c. 209A for residents of Fort Devens is a question which has repeatedly confronted this Court." He further noted an apparent shift of position by the Supreme Court of the United States in recent years, moving away from the view that this court expressed years ago that, barring a statute to the contrary, State law does not apply in lands ceded to the Federal government. The reported questions are set forth in the margin.[1] We granted the plaintiff's application for direct appellate review.

[1] "1. Is this Court precluded from issuing a restraining order under the provisions of G. L. c. 209A barring the defendant James Cobb from approaching, contacting or abusing the plaintiff Diane Cobb solely because the plaintiff Diane Cobb is a member of the United States Armed Forces who resides and works at Fort Devens?

After discussing whether, because the case is now moot, we should answer these questions, and deciding that we should, we shall explain why the order was applicable to the defendant and effective within Fort Devens.

This case is moot because the order has expired by its own terms, and before the order expired, as far as appears, the defendant did not violate it. We have discussed circumstances in which we might or would not decide a moot case. See *Metros* v. *Secretary of the Commonwealth*, 396 Mass. 156, 159-160 (1985); *Lockhart* v. *Attorney Gen.*, 390 Mass. 780, 782-784 (1984), and cases cited. We have answered questions in moot cases where, as in the case before us, the issue was of public importance, was likely to arise again, and was not likely to be capable of appellate review before the recurring question would again be moot. *Id.* at 783. In deciding to answer a moot question, we have given weight to the fact, not present here, that the issue had been fully argued on both sides. In this case, however, the interests of the amici curiae and their thorough, balanced briefs, even though they support the plaintiff, tend to offset the absence of argument from the defendant.

We have been particularly reluctant to decide a moot constitutional issue. See *Solimeno* v. *State Racing Comm'n*, 400 Mass. 397, 402 (1987); *Lockhart* v. *Attorney Gen., supra* at 784; *Blake* v. *Massachusetts Parole Bd.*, 369 Mass. 701, 707 (1976). The issues here, however, are not directed to unresolved constitutional issues as much as they are to whether this court should now abandon (indeed must abandon) its earlier views in favor of the United States Supreme Court's more recent controlling interpretations of the Constitution of the United States. Because the authority of Massachusetts judges to issue c. 209A orders intended to be effective and enforceable in various areas ceded to the Federal government

---

"2. If this Court is not precluded from issuing such an order, is the order legally effective within the confines of Fort Devens, where the plaintiff resides and works?"

is doubted, we conclude that we should answer the reported questions.[2]

In several opinions, none of which is less than fifty years old and some of which are far older, this court (or its Justices) concluded that art. 1, § 8, cl. 17, of the Constitution of the United States granted exclusive jurisdiction to the Federal government over land ceded by the Commonwealth. See *Employers' Liab. Assurance Corp.* v. *DiLeo*, 298 Mass. 401, 404-405 (1937) (absent Federal statute authorizing otherwise, workers' compensation act did not apply to injury on land ceded to United States where contract of employment was made on that land); *Opinion of the Justices*, 1 Met. 580, 583-584 (1841) (unless act ceding land to Federal government states otherwise, inhabitants of the ceded land have neither benefits nor burdens of residency in municipality in which ceded land lies); *Mitchell* v. *Tibbetts*, 17 Pick. 298, 302 (1836) (unlicensed activity on ceded land could not be offense committed within the Commonwealth); *Commonwealth* v. *Clary*, 8 Mass. 72, 76-77 (1811) (same). The conclusions expressed were based solely on a construction of the Federal Constitution.

Opinions of the United States Supreme Court in more recent years have shown that the Constitution of the United States does not bar extension of the benefits and burdens of all State laws to inhabitants of land ceded to the Federal government. See *Evans* v. *Cornman*, 398 U.S. 419, 426 (1970) (residents of Federal enclave ceded to United States must be given right to vote in State elections); *Howard* v. *Commissioners of the Sinking Fund of Louisville*, 344 U.S. 624, 627 (1953) (city could annex area ceded to United

---

[2]We do not pause to consider the propriety of reporting questions to the Appeals Court concerning issues in a G. L. c. 209A proceeding. Chapter 209A has no provision concerning appellate review. We allowed direct appellate review of this case before it was moot, and have no hesitancy in deciding that, at the least, we have authority to answer the questions pursuant to our power of general superintendence of the courts (G. L. c. 211, § 3 [1988 ed.]).

States and, pursuant to Federal statute, impose income tax on persons working there). "The fiction of a state within a state can have no validity to prevent the state from exercising its power over the federal area within its boundaries, so long as there is no interference with the jurisdiction asserted by the Federal Government." *Id.* Since the *Howard* case, State courts have recognized that State law may apply in a Federal reservation provided that the State does not interfere with the primary jurisdiction of the Federal government. See *In re Terry Y.*, 101 Cal. App. 3d 178, 182 (1980) (child abuse); *County Comm'rs of Arapahoe County* v. *Donoho*, 144 Colo. 321, 330-332 (1960) (public assistance); *Matter of Salem Transp. Co.*, 55 N.J. 559, 563 (1970) (per curiam) (regulation of transportation services to and from military bases); *Common Council of Gloversville* v. *Town Bd. of Johnstown*, 32 N.Y.2d 1, 4-5 (1973) (applying Federal rule to annexation of State-owned land by townships); *Adams* v. *Londeree*, 139 W. Va. 748, 768-769 (1954) (right to vote and run for public office).[3]

The briefs filed as friends of the court (1) by the Attorney General of the Commonwealth on his own behalf and on behalf of the Department of Social Services and (2) by the Department of Justice on behalf of the Department of the Army, support the plaintiff's position in this case. We do not expand on matters that are discussed in those briefs that are not directly relevant to the questions asked.[4]

---

[3] Because of the answers we give to the reported questions, we need not address the possibility that the Commonwealth's failure to extend the protections of G. L. c. 209A to the plaintiff, a resident of the Commonwealth, would be an unconstitutional denial of equal protection of the laws.

[4] The brief filed on behalf of the Department of the Army states that it is not clear that the Supreme Court intended in its *Howard* and *Evans* opinions "to overrule all parts of its prior federal enclave precedents." That brief takes the view that, in any event, absent a contrary Federal law, a State law adopted after the cession of the land would apply in an enclave if that subsequent regulatory scheme was consistent with the "basic state law" in effect at the time the land was ceded, citing *Paul* v. *United States*, 371 U.S. 245, 269 (1963). That brief notes that c. 209A has strong similarities to the law in effect at the time (and long before) the transfer of Fort Devens to Federal control. Thus, the Department of the Army argues

We answer the first question in the negative. The Ayer District Court was not precluded from issuing the restraining order in this case, even though the plaintiff is a member of the armed forces residing and working at Fort Devens. The order was, of course, effective against the defendant as to his conduct while not on ceded land. In the absence of any indication that such an order interfered with the Federal function, the order properly also applied to the defendant while he was on the ceded land.[5] We, therefore, answer the second question affirmatively; the order was lawfully effective within the confines of Fort Devens.

---

that, at least on this theory, the plaintiff properly invoked the jurisdiction of the Ayer District Court under G. L. c. 209A, and that the defendant was subject to the personal jurisdiction of that court.

[5]The judge found that no Federal interest would be offended. Comments in the briefs indicate that there is no available alternative to relief under G. L. c. 209A, and military authorities have encouraged the use of State court proceedings in cases such as this.