ELAINE M. CALLAHAN *vs.* BOSTON MUNICIPAL COURT DEPARTMENT. December 15, 1992. *Protective Order. Supreme Judicial Court*, Superintendence of inferior courts. *Practice, Civil*, Appeal.

Elaine M. Callahan (plaintiff) appeals from a denial by a single justice of her complaint seeking review of the issuance of a restraining order against the plaintiff under G. L. c. 209A (1990 ed.),[1] in the Boston Municipal Court (BMC).[2] See G. L. c. 211, § 3 (1990 ed.).

The plaintiff alleges that the complainants in the G. L. c. 209A proceeding, Michael and Frances Patricia Callahan, secured a restraining order against the plaintiff in retaliation for a civil judgment she previously had obtained against them. The plaintiff further alleges that court personnel denied her access to the tape recordings of the G. L. c. 209A proceedings. See Boston Municipal Court Special Civil Rule 308.

The defendant argues that the plaintiff incorrectly filed her complaint under G. L. c. 211, § 3. Hence, the defendant concludes the single justice correctly denied the complaint. We do not agree. General Laws c. 211, § 3 (1990 ed.), allows relief "if no other remedy is expressly provided." General Laws c. 209A has no express appellate remedy from a Municipal or District Court. The plaintiff therefore could invoke G. L. c. 211, § 3, because "appellate review was otherwise unavailable." *Hahn* v. *Planning Bd. of Stoughton*, 403 Mass. 332, 335 (1988).

The defendant next contends that it was not a proper party for this complaint. Rather, the defendant asserts, the persons who obtained the restraining order are the appropriate defendants. See *Fadden* v. *Commonwealth*, 376 Mass. 604, 609 (1978); *Soja* v. *T.P. Sampson Co.*, 373 Mass. 630, 632 n.2 (1977). The complaint, however, asserts that the plaintiff requested tape recordings of the various BMC proceedings. These requests were denied by court personnel. The plaintiff alleges that without the tapes

---

[1]Although G. L. c. 209A was amended by St. 1990, c. 403, effective January 25, 1991, those amendments are not germane to this appeal.

[2]The plaintiff also requested the tape recordings of the BMC proceeding from the single justice. It appears that this request was not brought to the attention of the single justice, as there was no ruling on the motion.

she does not have a meaningful opportunity for appellate review. We agree. We order the plaintiff be given access to the tape recordings.[3]

The case is remanded to the Supreme Judicial Court for Suffolk County where an order shall enter that the BMC clerk release the tapes to the plaintiff. The plaintiff, within thirty days of the receipt of the tapes,[4] may file an amended complaint based on the tapes. At that time, the parties "whose interests are truly at stake" should be added and the court made a nominal party.[5]

*So ordered.*

The plaintiff, pro se.

*Eric A. Smith*, Assistant Attorney General, for the defendant.

---

[3]The plaintiff is to pay for the tapes.

[4]In the event that these recordings are lost or cannot be located and the proceedings cannot be reconstructed sufficiently, the restraining order issued against the plaintiff under G. L. c. 209A should be vacated. See *Metropolitan Dist. Comm'n* v. *Codex Corp.*, 395 Mass. 522, 524 (1985). See also *Commonwealth* v. *Harris*, 376 Mass. 74 (1978) (although unavailability of trial transcript alone does not mandate new trial, motion for new trial should be allowed when transcript of trial unavailable and proceedings cannot be sufficiently reconstructed).

[5]We do not know if the order has lapsed during this appeal. General Laws c. 209A, § 4 (1990 ed.), as amended by St. 1990, c. 403, § 4, effective January 25, 1991, requires the issuing court to "give the defendant an opportunity to be heard on the question of continuing the temporary order and of granting other relief as requested by the plaintiff no later than ten court business days after such orders are entered." If the order has expired, this appeal might be moot. If the order continues in existence, the plaintiff should amend her complaint with due regard to Mass. R. Civ. P. 8 (e) (1), 365 Mass. 749 (1974).

