Sherman, P.J.
This is a voluntary report by the trial judge pursuant to G.L.c. 231, §108 and Dist./Mun. Cts. R. Civ. P., Rule 64(d) of questions of law arising in a G.L.c. 209A proceeding.
The trial judge has requested rulings by this Division as to whether G.L.c. 209A, §3 authorizes a court to order a G.L.C. 209A defendant to surrender all firearms, licenses, permits, weapons and ammunition during the term of an abuse prevention order, and to compel such defendant to obtain a separate judicial hearing as aprerequisite to any return of such weapons at the expiration of the abuse prevention order.
We decline to answer the questions reported by the trial judge as we have concluded that the Appellate Division of the District Court Department lacks the subject matter jurisdiction to review G.L.c. 209A cases in the district courts.
Existing authority for the proper avenue of appellate review in G.Lc. 209A matters is scant. The Supreme Judicial Court has recognized the propriety of appeals from district court G.L.c. 209A proceedings to its single justice session pursuant to the Court’s G.L.c. 211, §3 general superintendence power. Callahan v. Boston Municipal Court Dept., 413 Mass. 1009 (1992). In reviewing the denial by a single justice of the plaintiffs appeal of a G.Lc. 209A order entered against her by the Boston Municipal Court, the Supreme Judicial Court held:
General Laws c. 209A has no express appellate remedy from a Municipal or District Court. The plaintiff therefore could invokeG.L.c. 211, §3 because ‘appellate review was otherwise unavailable’ [citation omitted].
Id. at 1009. The Supreme Judicial Court has also granted direct appellate review of questions of law reported under Mass. R. Civ. P., Rule 64 to the Appeals Court by a district court trial judge. The Court stated:
We do not pause to consider the propriety of reporting questions to the Appeals Court concerning issues in a G.L.c. 209A proceeding. Chapter 209A has no provision concerning appellate review. We allowed direct appellate review of this case before it was moot, and have no hesitancy in deciding that, at the least, we have authority to answer the questions pursuant to our power of general superintendence of the courts (G.Lc. 211, §3 [1988 ed.)).
Cobb v. Cobb, 406 Mass. 21, 24 n.2 (1989).
In ruling that this Appellate Division has no jurisdiction in G.Lc. 209A cases, we are guided not only by the Supreme Judicial Court’s statements in Callahan and Cobb, but also by general criteria which the Court has employed in previous cases to resolve issues of Appellate Division jurisdiction. See Walker v. Board of Appeals of Harwich, 388 Mass. 42, 48-50 (1983). The first criterion requires examination of the nature of a G.Lc. 209A proceeding. The Abuse Prevention Act, G.Lc. 209A,
*179 represents a legislative response to the troubling social problem of family and household abuse in the Commonwealth. Judicial orders issued pursuant to c. 209A afford abused individuals the opportunity to avoid fiirther abuse and provide them with assistance in structuring some of the basic aspects of their lives, such as economic support and custody of minor children, in accordance with their right not to be abused.
Commonwealth v. Gordon, 407 Mass. 340, 346 (1990). The full range of judicial relief available under the statute, see G.Lc. 209A, §3, strongly suggests that G.L.c. 209A cases are essentially equitable in character, The “Appellate Division does not have a general grant of equity jurisdiction....” Walker v. Board of Appeals of Harwich, supra at 48. Thus “the principle that appeals in cases involving equitable considerations should go to the Appeals Court, in die absence of some other statutory direction, fairly applies here.” Department of Revenue v. Jarvenpaa, 404 Mass. 177, 181 (1989).
The second, more practical consideration is whether “uniformity of treatment of litigants and the development of a consistent body of law will be encouraged,” Id. at 181, if G.L.c. 209A orders entered in the district courts are appealed to this Appellate Division. Such inquiry must be answered in the negative in view of G.L.c. 209A, §2 which provides that abuse prevention proceedings “shall be filed, heard and determined” in either the superior court,[1] probate court or district and municipal court departments. Given the concurrent jurisdiction of four separate departments of the Trial Court of this Commonwealth in G.L.c. 209A cases, the “practical desirability of having all [G.L.c. 209A] appeals heard in one court,” Id. at 181, cannot be served if questions of law in district court abuse prevention matters are reviewed by this Division.
Accordingly, the voluntary report of the trial judge of questions of law concerning firearm surrender orders[2] in G.Lc. 209A proceedings is dismissed for lack of jurisdiction.

 General Laws c. 209A § 1 limitations on the Superior Court’s c. 209A jurisdiction are not here relevant

 With respect to appellate review of firearm surrenders and other G.Lc. 140, §131 district court orders, it is established that this Appellate Division does not have jurisdiction. Bickford v. Pisani, 58 Mass. App. Dec. 116, 117 (1976). The appeal is to the Superior Court Department See generally, MacNutt v. Police Comm’r of Boston, 30 Mass. App. Ct. 632 (1991); Chief of Police of Shelburne v. Moyer, 16 Mass. App. Ct. 543 (1983).