VIVIAN WOTAN *vs.* ARNOLD KEGAN.[1] July 31, 1998. *Moot Question. Practice, Civil,* Moot case. *Abuse Prevention.*

Vivian Wotan, the plaintiff, appeals from the judgment of a single justice of this court denying, after hearing, her petition for relief under G. L. c. 211, § 3, as well as the denial of her motion for reconsideration of that action. She also seeks monetary sanctions and costs against the defendant, Arnold Kegan, and his counsel for their allegedly "insubstantial, frivolous and bad faith claim." For the reasons discussed herein, we dismiss the appeal as moot.

The plaintiff's primary challenge is to the issuance and subsequent extensions of a protective order, pursuant to G. L. c. 209A (c. 209A order), by a judge of the Brookline District Court. The 209A order was first issued on a preliminary ex parte basis on December 17, 1993. Following a hearing on January 13, 1994, during which both the plaintiff and the defendant testified, the judge issued the 209A order for a one-year period of time. In January, 1995, and again in January, 1996, the defendant succeeded in having the 209A orders extended for additional one-year periods.

On December 12, 1996, the plaintiff filed a petition for relief, pursuant to G. L. c. 211, § 3, seeking to vacate the original 209A order and its most recent extension. At the time of that filing, as well as the date of the single justice's hearing on January 2, 1997, the 209A order was still in effect. It was, however, due to expire on January 7, 1997. The single justice denied both the plaintiff's request for relief and her subsequent motion for reconsideration of that denial, thereby leading her to initiate this appeal on January 31, 1997.

We have previously expressed our reluctance to reach the merits of appeals concerning moot 209A orders absent some important public interest or a likelihood that the issue would be repeated or would tend to evade appellate review. See *Cobb* v. *Cobb,* 406 Mass. 21, 23 (1989). See also *Zullo* v. *Goguen,* 423 Mass. 679, 680 (1996); *Frizado* v. *Frizado,* 420 Mass. 592, 593-594 (1995). In the present case, the most recent extension of the 209A order expired well over a year ago and the defendant did not seek a renewal.[2] Moreover, there is no suggestion that the plaintiff was ever charged with violating the protective order while it was in effect. Compare *Larkin* v. *Ayer Div. of the Dist. Court Dep't,* 425 Mass. 1020 (1997) (case not moot where there was a suggestion in the record that plaintiff was charged criminally with multiple violations of the original 209A order).

There are no issues of Statewide legal significance or public interest that warrant taking this case out of the general rule against deciding moot cases.

---

[1]Pseudonyms previously used in another case involving the same parties. See *Commonwealth* v. *Wotan,* 422 Mass. 740 (1996).

[2]We note that the appeal was not moot at the time the single justice acted on the petition because the c. 209A order had not yet expired. However, we reiterate that the appropriate avenue for review of c. 209A orders now is the filing of an appeal in the Appeals Court. *Zullo* v. *Goguen,* 423 Mass. 679, 681 (1996).

Contrast *Dimino* v. *Secretary of the Commonwealth*, 427 Mass. 704, 708 (1998) (court will make an exception in some cases to the general rule against deciding moot cases if public interest, uncertainty or confusion exists over issue presented). We are unpersuaded by the plaintiff's claim that her case is not moot because she has a continuing interest in "clearing her name" and removing it from the Statewide domestic violence record keeping system (created by St. 1992, c. 188, § 7). It is doubtful that she would be entitled to this remedy, even if the order were vacated. See *Vaccaro* v. *Vaccaro*, 425 Mass. 153, 155-162 (1997) (no statutory authority exists to expunge an individual's name from the Statewide domestic violence record keeping system even after a 209A order is vacated). Similarly, her other "stake in the outcome of this litigation" — to be able to withhold information regarding the 209A order from her bar examination application that was due on January 13, 1997 — is moot because that date has come and gone and the remedy unavailable. See *Vaccaro, supra* at 161-162 (questions on an insurance broker licensing application that may expose 209A order does not "show an injury to a liberty or property interest" and does not warrant expunging order).[3]

Accordingly, we dismiss the plaintiff's appeal as moot. We deny her request for sanctions and costs against the defendant and his counsel.

*Appeal dismissed.*

*Vivian Wotan*, pro se.

*James B. Peloquin* (*William H. Priestley* with him) for the defendant.

---

[3]Although not dispositive, the plaintiff's claim that "[e]verything that she has worked hard for during her entire lifetime has been severely damaged" by the issuance of the c. 209A order is belied by the fact that she waited three years from the issuance of the original order to seek appellate review of the order.