NORMA BANNA vs. JEFFREY BANNA.

No. 10-P-29.

Bristol. June 7, 2010. - October 7, 2010.

Present: LENK, GRAHAM, & WOLOHOJIAN, JJ.

*Abuse Prevention.*

A District Court judge erred in extending an ex parte abuse prevention order
issued pursuant to G. L. c. 209A, where there was no evidence before the
judge at the extension hearing other than the plaintiff's affidavit in support
of her application for the initial order, and the judge did not ascertain the
current state of affairs as of the time of the hearing. [35-36]

COMPLAINT for protection from abuse filed in the Taunton
Division of the District Court Department on September 25,
2009.

A hearing to extend the abuse prevention order was had before
*David T. Turcotte*, J.

*Katherine Godin* for the defendant.

GRAHAM, J. The defendant argued, unsuccessfully, in the District Court against the extension of an ex parte abuse prevention
order issued pursuant to G. L. c. 209A, which required him to
refrain from abusing the plaintiff, his sister. On appeal, he contends that the evidence was insufficient to support a finding of
abuse as contemplated by the statute, and that the judge below
deprived him of his constitutional right to due process and his
statutory right to a hearing pursuant to G. L. c. 209A, § 4, by
extending the order for one year without conducting an evidentiary hearing.

*Background.* On September 25, 2009, the plaintiff was granted
an ex parte restraining order against the defendant, her brother
and roommate. The plaintiff's affidavit in support of her application for the order provides, in full:

"On or about Feb., 2009, the Defendant Jeffrey Banna,

brother, [h]as been living in my parents['] home. He has been very very verbally abusive and intimidating, slams doors contin[u]ously and through the night between 12:00 A.M. — 5:00 A.M. Swears in my face[,] calls me and my sister all kind of names. The last 2 days he exposed himself and terrorized me[,] slamming my mother's door and taking his towel off to show he had nothing on. I have to leave my home constantly because I'm afraid of him. He listens when I'm having a private conversation and turns up the volume of his TV and I can't speak or hear a thing."

On this basis, she was granted an ex parte c. 209A order against the defendant.

On October 8, 2009, a hearing was scheduled before the same judge to determine whether the order should be extended. At the hearing (both parties present), the judge simply asked the plaintiff if she wanted him to extend the order, and she said, "Yes." This exchange with the defendant's counsel followed:

JUDGE: "Counsel?"

DEFENSE ATTORNEY: "Judge, . . . I had a chance to review the affidavit. In my opinion it's legally insufficient to sustain a 209A. It doesn't amount to physical abuse or imminent fear of serious physical harm. There's no allegation of sexual relations of any kind and based on the affidavit, I don't think the allegations are sufficient to sustain a 209A."

JUDGE: "Thank you, counsel, I appreciate your argument. I disagree with you. One year date."

*Discussion.* Pursuant to G. L. c. 209A, §§ 3 and 4, a judge may impose certain orders, among others, requiring that a defendant refrain from abusing, refrain from contacting, or merely stay away from a plaintiff, upon a showing by a preponderance of the evidence that she is "suffering from abuse." *Iamele* v. *Asselin,* 444 Mass. 734, 736 (2005). The alleged victim must establish facts that justify the issuance of an order. *Ibid.,* citing *Frizado* v. *Frizado,* 420 Mass. 592, 596 (1995).

To extend an abuse prevention order, the plaintiff must "make

a showing similar to that of a plaintiff seeking an initial order — most commonly, the plaintiff will need to show a reasonable fear of imminent serious physical harm at the time that relief, whether in the form of an original order or an extension of an order, is sought." *Iamele* v. *Asselin, supra* at 735. See G. L. c. 209A, § 3; *Frizado* v. *Frizado, supra*. No presumption arises from the fact that a prior order has issued[1]; it is a plaintiff's burden to establish that the facts that exist at the time extension of the order is sought justify relief. See *Jones* v. *Gallagher*, 54 Mass. App. Ct. 883, 889 (2002) (an initial order "expires unless extended after a judicial determination, essentially, a new finding, that the plaintiff continues to require protection from 'abuse' ").

There was no evidence other than the affidavit before the judge at the extension hearing. The judge did not ascertain the current state of affairs as of the time of that hearing. Simply asking the complainant whether she wanted to extend the order was not enough. Because there was thus no basis on which the judge could determine whether the extension of the restraining order should be granted, the order must be vacated.

*So ordered.*

---

[1]However, "[t]he judge is to consider the basis for the initial order in evaluating the risk of future abuse should the existing order expire." *Iamele* v. *Asselin, supra* at 740.