The defendant, C.H., appeals from an order denying his renewed motion for reconsideration or, in the alternative, termination of a permanent G. L. c. 209A order (permanent 209A order) issued against him. He argues that: (1) he did not have adequate notice of the extension hearing; (2) the evidence was insufficient to support the issuance of a permanent 209A order; (3) he was denied an evidentiary hearing; and (4) the absence of the plaintiff's current home and work address on the permanent 209A order violates his due process rights. We affirm.
Background. The plaintiff, L.D., is the former girl friend of the defendant. On March 1, 2013, she filed a complaint for protection from abuse pursuant to G. L. c. 209A. An abuse prevention order pursuant to c. 209A (209A order)[2] was issued with the defendant present, as he was being arraigned at the same time on criminal charges resulting from the incident that gave rise to the 209A order. The defendant was served in hand with the 209A order, which included a next hearing date of March 3, 2014, at 9:00 A.M. On March 3, 2014, the defendant failed to appear and, after a hearing at which the plaintiff testified, albeit briefly, the 209A order was extended permanently.
In April, 2014, the defendant filed a motion to vacate the permanent 209A order. After a hearing on June 10, 2014, the motion was denied. At the conclusion of the hearing the judge stated, "And Counsel, if it helps at all, I would entertain a motion to modify from permanent to one year." The defendant then filed a motion for reconsideration or, in the alternative, modification of the permanent 209A order to a one-year order. Hearing on the motion was continued multiple times for various reasons, including the plaintiff's failure to appear at numerous court dates and successive withdrawals of her attorneys. In May, 2015, the defendant was acquitted of the criminal charges that gave rise to the permanent 209A order.
In November, 2015, the defendant filed a renewed motion for reconsideration or, in the alternative, termination of the permanent 209A order (renewed motion). A hearing on the defendant's renewed motion was held on August 24, 2016, before a second judge.[3] Although witnesses were sworn, no one testified. At the end of the hearing, the second judge modified the permanent 209A order by "impound[ing]" the plaintiff's residence and workplace addresses. The second judge subsequently denied the renewed motion.
Discussion. 1. Notice of the extension hearing. The defendant contends that he did not receive adequate notice that the extension hearing regarding the 209A order was to be held on March 3, 2014. Specifically, he argues that placement of the hearing date on the second page of the 209A order was in contravention of the requirement set forth in G. L. c. 209A, § 3(i ), inserted by St. 1999, c. 403, § 3, that "[e]very order on its face ... shall include the date and time that the matter will again be heard." We are unpersuaded.
A 209A order "must provide the defendant with reasonable notice and an opportunity to be heard." Caplan v. Donovan, 450 Mass. 463, 470 (2008). Here, the 209A order was issued in open court, with the defendant present. He was served in hand with the 209A order, which included the date (and time) of the next hearing. It put the defendant on notice that an extended or permanent order may be issued against him. See Commonwealth v. Delaney, 425 Mass. 587, 591-592 (1997).
2. Sufficiency of the evidence to support the permanent 209A order. The defendant next claims that the evidence presented at the extension hearing was insufficient to support a permanent 209A order. The defendant failed to file a timely notice of appeal from the underlying permanent 209A order. See Wotan v. Kegan, 428 Mass. 1003, 1003 n.2 (1998) ("[T]he appropriate avenue for review of c. 209A orders now is the filing of an appeal in the Appeals Court"); MacDonald v. Caruso, 467 Mass. 382, 388 (2014) ("A defendant's motion to terminate an order is not a motion to reconsider the entry of a final order, and does not provide an opportunity for a defendant to challenge the underlying basis for the order or to obtain relief from errors correctable on appeal"). The plaintiff's testimony at the extension hearing was sufficient to justify the continuation of the 209A order. See Frizado v. Frizado, 420 Mass. 592, 596 (1995). Contrast Banna v. Banna, 78 Mass. App. Ct. 34, 36 (2010) (evidence insufficient to extend 209A order where judge only asked plaintiff if she wanted order extended).
3. Denial of evidentiary hearing. The defendant next contends that it was error to deny his renewed motion absent an evidentiary hearing. When a defendant moves to terminate a permanent order, the defendant must show by clear and convincing evidence that there was a "significant change in circumstances," and that the plaintiff "would no longer reasonably fear imminent serious physical harm from the defendant." MacDonald v. Caruso, supra at 390-391. A judge has discretion to determine whether, under the totality of circumstances, the defendant has met his burden. Id. at 391. See Frizado v. Frizado, supra at 597. Here, the judge did not abuse her discretion in denying the renewed motion. The judge had before her the defendant's memorandum in support of his renewed motion, which included, among other things, that the defendant had been acquitted in the criminal case, as well as supporting affidavits. As the burden of proof in a criminal trial is far more stringent than that in a 209A extension hearing, this argument must fail. See MacDonald v. Caruso, supra at 390. The judge did not abuse her discretion.
4. Absence of the plaintiff's current home and work addresses on the permanent 209A order. Lastly, the defendant argues that the permanent 209A order violates his due process right to notice of proscribed conduct because it does not include the plaintiff's current home and work addresses. This argument is without merit as there is a "longstanding common-law principle ... that the Legislature did not intend to make accidents and mistakes crimes." Commonwealth v. Finase, 435 Mass. 310, 315 (2001) (quotation omitted). Indeed, inadvertent contact between the parties of a 209A order does not amount to a violation of the order. In addition, G. L. c. 209A, § 8, provides for confidentiality of all case records, including the plaintiff's residential and workplace addresses when the plaintiff specifically requests that this information be withheld from the order.[4]
Order denying renewed motion for reconsideration or, in the alternative, termination of the permanent restraining order affirmed.

The 209A order prohibited the defendant from abusing or contacting the plaintiff and required that he remain at least 100 yards away from the plaintiff, that he stay away from the plaintiff's residence and workplace (listing addresses for both), and that he surrender to the police all guns, ammunition, and firearm identification cards.

The second judge had presided over the defendant's criminal trial.

Other arguments raised by the defendant, "but not discussed in this [memorandum and order], have not been overlooked. We find nothing in them that requires discussion." Commonwealth v. Domanski, 332 Mass. 66, 78 (1954).