The defendant, A.B., appeals from the issuance of a permanent G. L. c. 209A order against him. He argues that (1) the evidence was insufficient to support the issuance of the ex parte 209A order, the one-year extension, or the permanent order; (2) he was unconstitutionally deprived of a hearing; and (3) the judge's denial of his motion for relief from judgment was error. We affirm.
Background. The plaintiff, P.B., is the former wife of the defendant. On December 21, 2015, after learning that the defendant was scheduled to be released from a correctional facility where he had served nearly twenty-three years, the plaintiff filed a complaint seeking an abuse prevention order pursuant to c. 209A (209A order).[2] The plaintiff's affidavit, filed in support of the complaint, described the emotional and physical abuse she had experienced at the hands of the defendant throughout their marriage. In the year prior to her complaint, the plaintiff mysteriously began receiving the defendant's mail at her home even though he never had lived there and had not even had contact with her in over eighteen years. In addition, the plaintiff received a sympathy card from the defendant after her then-husband passed away, although his death had not yet been reported publicly. The card was inscribed by the defendant with the following: "I'm thinking of you today and every day, today and always." The plaintiff interpreted this to mean that "he was still thinking about [her] and not in a good way." Finally, the plaintiff stated that these actions caused her to fear for her life. The plaintiff reiterated her concerns and affirmed the contents of her affidavit, under oath at the ex parte hearing. The defendant was served in hand with the ex parte order. The defendant sent a letter to the judge in which he acknowledged receipt of the ex parte order. He wrote, "my intention in writing to the court isn't so much as to object ... as it is to enlighten the court on some issues it should be aware of." The defendant then did not appear for the extension hearing on December 31, 2015, which was before a second judge. At that hearing, the plaintiff testified, albeit briefly. The order was extended for one year, until December 30, 2016.[3] On December 12, 2016, the defendant filed a motion to terminate the 209A order, which was heard by the second judge at the same time as the further extension hearing on December 30, 2016. Both parties were present. The defendant's motion was denied and the permanent order entered.
The defendant then filed his first and only notice of appeal, which was docketed on January 25, 2017. On February 15, 2017, the defendant filed a motion for relief from judgment and for recusal of the second judge. The motion for relief from judgment was denied; no action was taken on the motion for recusal.
Discussion. 1. Sufficiency of evidence for the 209A orders. The defendant claims that the evidence presented at the hearings was insufficient to support issuance of the 209A orders. We first note that because the defendant failed to file a timely notice of appeal from the ex parte 209A order or from the initial one-year 209A order, the challenges to those orders are waived. See Wotan v. Kegan, 428 Mass. 1003, 1003 n.2 (1998) ("[T]he appropriate avenue for review of c. 209A orders now is the filing of an appeal in the Appeals Court"). "A defendant's motion to terminate an order is not a motion to reconsider the entry of a final order, and does not provide an opportunity for a defendant to challenge the underlying basis for the order or to obtain relief from errors correctable on appeal." MacDonald v. Caruso, 467 Mass. 382, 388 (2014).
Notwithstanding, the plaintiff's affidavit and subsequent testimony at both the ex parte and initial hearing after notice were sufficient to justify the entry of and the one-year extension of the 209A order. See Iamele v. Asselin, 444 Mass. 734, 736-741 (2005). See also Frizado v. Frizado, 420 Mass. 592, 596 (1995). Contrast Banna v. Banna, 78 Mass. App. Ct. 34, 36 (2010) (evidence insufficient to extend 209A order where judge only asked plaintiff if she wanted order extended). Moreover, turning to the only order properly before us, when the most recent actions of the defendant are viewed in light of the evidence of the decades-long physical and emotional abuse that the plaintiff endured prior to the defendant's incarceration, the permanent 209A order was properly entered as well.[4]
2. Right to be heard. The defendant next argues that he was unconstitutionally deprived of a hearing before the one-year 209A order was issued. This claim too suffers from the same procedural defect as the sufficiency claim. Notwithstanding, a 209A order "must provide the defendant with reasonable notice and an opportunity to be heard." Caplan v. Donovan, 450 Mass. 463, 470 (2008). The defendant did not make any arrangement to be brought into court or to seek a continuance while he was incarcerated. He did, however, send a letter to the court, which the judge ordered to be filed. The judge was entitled to discredit the defendant's letter and to credit the plaintiff's affidavit and testimony. See Ginsberg v. Blacker, 67 Mass. App. Ct. 139, 148 (2006). After his release from prison, the defendant filed a motion to terminate and appeared at the hearing on both that motion and the plaintiff's further extension request. When given the opportunity to cross-examine the plaintiff, the defendant chose not to. The defendant then testified on his own behalf. He told the judge that he "certainly had an opportunity to defend [him]self at this hearing." At the conclusion of the hearing, the judge asked the defendant, "what's your response to a lifetime restraining order, please?" The judge then stated, "Having heard no response, the date will be lifetime." The defendant was not deprived of a hearing.[5]
3. Denial of motion for relief from judgment. The defendant argues that the denial of his motion for relief from judgment filed pursuant to Mass.R.Civ.P. 60(b)(3), 365 Mass. 828 (1974), was error. As the defendant's notice of appeal preceded the denial of that motion, and no further notice of appeal was filed, this issue is not properly before us. See Mass.R.A.P. 4(a), as amended, 464 Mass. 1601 (2013) ("A notice of appeal filed before the disposition of any of the above motions [including under rule 60 ] shall have no effect"); Eyster v. Pechenik, 71 Mass. App. Ct. 773, 779 (2008).
Abuse prevention order entered December 30, 2016, affirmed.

The plaintiff was not the victim in the case for which the defendant was incarcerated. The plaintiff did, however, testify at his trial. At that trial, she testified in a way that is best described as not helpful to him. Thereafter, the defendant and members of his family threatened the plaintiff, causing her to fear for her life.

At this hearing, the judge used inappropriate language to describe the defendant. While this language gives us pause, it does not affect the outcome of this appeal.

We find no merit in the defendant's claim that the plaintiff could not currently be in fear of him because she brought their son to visit with him during the early years of his incarceration.

We discern no merit in the defendant's argument that "he was deprived of a full and a fair opportunity to be heard and to present evidence [at the further extension hearing] because [it was held] before [the second judge,] who had previously demonstrated bias and prejudicial preconceived notions against the defendant."