NOTICE: Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale. Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent. See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

23-P-1303

J.S.

vs.

G.S.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The defendant appeals from a G. L. c. 209A abuse prevention order issued by a District Court judge (trial judge). He argues that the trial judge improperly failed to consider the evidence at the two-party hearing de novo and unfairly limited his cross-examination of the plaintiff. Additionally, he contends that the evidence presented by the plaintiff was insufficient to support the order issued. We affirm.

Discussion. 1. Consideration of evidence de novo. After a plaintiff has obtained an ex parte abuse prevention order pursuant to G. L. c. 209A, the matter is to be scheduled for another hearing within ten days so that the defendant may be afforded his fundamental due process rights to notice and an

opportunity to be heard.  See G. L. c. 209A, § 4.  At this first hearing following notice to the defendant, the "burden is on the complainant to establish facts justifying the issuance and continuance of an abuse prevention order."  Frizado v. Frizado, 420 Mass. 592, 596 (1995).  See S.T. v. E.M., 80 Mass. App. Ct. 423, 429 (2011).  "No presumption arises from the fact that a prior order has issued."  Banna v. Banna, 78 Mass. App. Ct. 34, 36 (2010).  See id. ("Simply asking the complainant whether she wanted to extend the order was not enough," where judge took no additional evidence).  If the order is extended at this initial two-party hearing, then at any subsequent renewal hearing, the plaintiff's initial entitlement to relief is not revisited.  See Iamele v. Asselin, 444 Mass. 734, 740 (2005) (at renewal hearing, defendant may not challenge evidence underlying initial order).  Rather, the question in these subsequent renewal hearings is the plaintiff's continuing need for protection, whether she continues to suffer from abuse.  See Jones v. Gallagher, 54 Mass. App. Ct. 883, 890 (2002).

The defendant argues that his due process rights were violated when the trial judge failed to consider the evidence de novo at the initial two-party hearing.  He contends that the trial judge used the "entry of the ex parte order as [her] primary basis for issuing an extension," asserting that the judge "discounted the evidence presented at the extension

2

hearing and instead gave greater weight to the notes of the ex parte Judge." Although the trial judge did mention the notes of the ex parte judge, it was only to alert the parties that they appeared on the plaintiff's affidavit in the court file. After ensuring that the parties were aware of the notes, the trial judge made no further reference to them. There is no indication that the trial judge discounted the evidence before her in favor of the ex parte judge's notes.

2. <u>Limitation of cross-examination</u>. While a defendant has a general right to cross-examine the plaintiff, there may be circumstances in which the judge properly may deny that right in a G. L. c. 209A hearing. See <u>Frizado</u>, 420 Mass. at 597. A judge may limit cross-examination for good cause in an exercise of discretion, such as to avoid harassment, intimidation, confusion, delay or other abuse of the proceedings. See <u>C.O</u>. v. <u>M.M</u>., 442 Mass. 648, 658 (2004).

The defendant argues that he was prevented from fully cross-examining the plaintiff to undermine her credibility by showing that she was abusing the G. L. c. 209A process in order to get an advantage in their pending divorce. He contends that the trial judge ruled that the issue of the plaintiff taking marital property in contravention of the divorce proceedings was irrelevant. Although the judge did interrupt defense counsel's cross-examination to ask about the relevance of the divorce to

3

the 209A proceeding, she allowed cross-examination to continue after defense counsel made an offer of proof.

In addition to explaining to the trial judge the defendant's theory that the plaintiff got the restraining order in order to dispose of the marital property without probate court approval, defense counsel was then able to elicit from the plaintiff that the parties had agreed in the divorce proceedings that the plaintiff would be moving out of the marital home but that details regarding property division had not been worked out.  The plaintiff agreed that it was her intention to move out all along, that she had secured another place to live within two weeks of getting the ex parte G. L. c. 209A order, and that after getting the ex parte order, she retained new movers.  When defense counsel attempted to get the plaintiff to admit to the specific property she had taken from the home, the judge interrupted, saying it was not relevant and that she had concerns about the plaintiff not being represented.

Far from curtailment of cross-examination, the record reflects that the defendant was able to question the plaintiff and get across his theory in full.  The judge was well within her discretion in preventing defense counsel, who was also the defendant's divorce attorney, from pursuing lines of inquiry that may have been more appropriate in the divorce proceeding, particularly where the plaintiff was proceeding pro se.

4

3. _Sufficiency of evidence_. The plaintiff sought protection under G. L. c. 209A on the basis that the defendant had placed her in fear of imminent serious physical harm. When a plaintiff seeks to establish that the defendant's words and conduct have put the plaintiff in fear of imminent serious physical harm, that fear must be objectively reasonable in light of the defendant's actions and the attendant circumstances. See _Ginsberg_ v. _Blacker_, 67 Mass. App. Ct. 139, 143 (2006). Additionally, "[g]eneralized apprehension, nervousness, feeling aggravated or hassled, i.e., psychological distress from vexing but nonphysical intercourse, when there is no threat of imminent serious physical harm, does not rise to the level of fear of imminent serious physical harm." _Wooldridge_ v. _Hickey_, 45 Mass. App. Ct. 637, 639 (1998).

The defendant argues that the plaintiff failed to present evidence sufficient to establish that the defendant placed her in reasonable fear of imminent serious physical harm. We disagree. At the outset, the plaintiff testified that she felt fearful "[f]or the reasons initially stated in the original affidavit," which began with a statement that the defendant told her that "he has nothing to lose and has sat in his room with a gun in his mouth." The affidavit went on to state that the defendant disconnected the air conditioning in her room, took the grates off of the stove, tells her to "fuck off" if she asks

5

him a question, and continually parks his car close against hers, making it difficult, if not impossible, for her to get into her own car through the driver's side door. When she finally got a chance to move out, the defendant prevented it by not allowing the movers to take anything out of the house.

Further, the plaintiff testified that the reasons she sought the restraining order when she did were that "things . . . were building up," it felt like a "continuing . . . emergency situation to get out of there," and "our basic rights were being taken away, such as . . . removal of the stovetop to cook a hot meal for my daughter, parking on top of me so I can't leave unless I ask him." "[I]t was unbearable to live there . . . . And he also had suggested self-harm to himself with a gun because he has nothing to lose." When defense counsel pressed about the fact that the defendant had made no explicit threats to her, the plaintiff said: "That is a threatening statement, when you're physically -- you're stating that you have a gun in your mouth."

Contrary to the defendant's suggestion on appeal, expressions of self-harm can be taken into consideration in the calculus of whether a defendant's behavior may instill in the plaintiff a reasonable fear of imminent serious physical harm. See Constance C. v. Raymond R., 101 Mass. App. Ct. 390, 396 (2022) (suicide threat part of escalating aggression directed at

6

plaintiff).  As the judge noted, "threats don't always have to be overt" and "behavior can be threatening."  The evidence was sufficient to allow the judge to find that the defendant's conduct caused the plaintiff to be in reasonable fear of imminent serious physical harm.

<u>Order of August 10, 2023, affirmed</u>.

By the Court (Rubin, Desmond & Singh, JJ.[1]),

Clerk

Entered: April 17, 2025.

---

[1] The panelists are listed in order of seniority.