PATRICK HENRY FLYNN *vs.* LENNA L. WARNER & another.[1] September 8, 1995. *Supreme Judicial Court*, Superintendence of inferior courts. *Abuse Prevention. Due Process of Law*, Abuse prevention. *Practice, Civil*, Service of process. *Constitutional Law*, Equal protection of laws.

The plaintiff (Flynn) unsuccessfully sought relief from a single justice of this court under G. L. c. 211, § 3 (1994 ed.), from an order entered in the District Court pursuant to G. L. c. 209A (1994 ed.). Flynn makes three arguments in his initial brief, on appeal from a judgment denying relief. We do not consider new arguments belatedly raised in Flynn's reply brief. The standard is whether the single justice committed an error of law or abuse of discretion in denying relief. *Brossard* v. *West Roxbury Div. of the Dist. Court Dep't*, 417 Mass. 183, 184 (1994). We affirm.

1. Flynn argues that the affidavit in support of the issuance of the complaint should have been but was not served on him with the G. L. c. 209A order. There is no statutory or constitutional requirement that a G. L. c. 209A complainant's affidavit be served with the order. The record shows that at the District Court hearing Flynn did not raise any constitutionally-based objection to the lack of service of the affidavit and that, in any event, because the judge permitted Flynn to read the affidavit on his request, Flynn was not prejudiced. See *Frizado* v. *Frizado*, 420 Mass. 592, 597-598 (1995); *Mahoney* v. *Commonwealth*, 415 Mass. 278, 287 (1993).

2. Flynn, briefly and inadequately (see Mass. R. A. P. 16 [a] [4], as amended, 367 Mass. 921 [1975]), asserts a denial of his constitutional rights to due process and equal protection of the laws under the State and Federal Constitutions because G. L. c. 209A does not provide a convenient

[1]The Gloucester Division of the District Court Department of the Trial Court. No appearance was entered on behalf of the Gloucester Court, nor was one required.

avenue of appeal. Until there is a legislative change the only route available to obtain review of a G. L. c. 209A District Court order is to seek relief from a single justice of this court and then, if necessary, from the full court on appeal. See *Frizado* v. *Frizado, supra* at 593. The prospects of obtaining timely relief from an unlawful G. L. c. 209A order through a complaint under G. L. c. 211, § 3, are at least as good as they would be if relief were available by an appeal to a panel of an appellate court. Flynn cites no authority to support his claim that the avenue of appellate relief available to him denies him equal protection of the laws. The Legislature and this court have wide discretion in devising various procedures for the course of appeals in different classes of cases.

3. Flynn argues that the judge should not have relied on hearsay statements attributed to his son by the complainant, Flynn's former wife. In his initial brief to this court, Flynn does not challenge the sufficiency of the evidence to warrant a finding of abuse, if the judge properly could rely on the child's statements. The evidence warranted a finding that the complainant was in fear of imminent serious physical harm. G. L. c. 209A, §§ 1, 7. See *Commonwealth* v. *Gordon*, 407 Mass. 340, 349 (1990). The young son told her, immediately on return from a visit with Flynn, that his father had given him the toy sword that he was carrying and that his father had said that he should use it to slit his mother's throat and that of her attorney. Flynn did not object to the admission of the hearsay statements, nor did he seek to have them struck. In any event, "the rules of evidence need not be followed, provided that there is fairness in what evidence is admitted and relied on." *Frizado* v. *Frizado, supra* at 597-598. The judge could conclude in his discretion that the circumstances in which the child made the statements supported their reliability. The judge thus was warranted in considering the child's statements, along with the other evidence.

*Judgment of the single justice affirmed.*

The case was submitted on briefs.

*Patrick Henry Flynn*, pro se.

*Laurence M. Johnson* for Lenna L. Warner.