JOHN F. ZULLO *vs.* CHRISTA L. GOGUEN & another.[1]

Suffolk. October 9, 1996. - November 4, 1996.

Present: ABRAMS, LYNCH, O'CONNOR, & FRIED, JJ.

*Practice, Civil,* Moot case, Service of process. *Abuse Prevention.*

Where, pending appeal from a denial of relief sought under G. L. c. 211, § 3, from an underlying restraining order entered pursuant to G. L. c. 209A, the underlying order expired, the appeal was rendered moot. [680]

This court stated that where the appropriate law enforcement agency has made a conscientious and reasonable effort to serve on the defendant the documents specified in G. L. c. 209A, § 7, in connection with a restraining order but has nevertheless failed, the agency should promptly notify the judge who issued the 209A order to seek a further order regarding substituted service or, if that is not likely to be successful, an order seeking excusal of service. [680-681]

This court announced that, henceforth, to promote uniformity and consistency, review of orders entered under G. L. c. 209A shall be in the Appeals Court. [681-682]

CIVIL ACTION commenced in the Supreme Judicial Court for the county of Suffolk on May 16, 1995.

The case was heard by *Wilkins,* J.

*John F. Zullo,* pro se.

*Melissa J. Weisgold,* Assistant District Attorney (*Dana M. Gershengorn,* Assistant District Attorney, with her) for the Commonwealth.

O'CONNOR, J. In response to the applications of Christa L. Goguen and Louise C. Goguen, a judge in the Framingham District Court on March 8, 1995, issued ten-day temporary restraining orders against John F. Zullo, pursuant to G. L. c. 209A, § 4 (1994 ed.). A hearing was scheduled for March 17. The Framingham police were unable to locate Zullo. Zullo telephoned the police on March 10 after discovering that the

[1]Louise C. Goguen. The Commonwealth filed a motion to intervene which was allowed by a single justice of this court.

police were looking for him. The police told Zullo that a restraining order had been issued against him and they asked him his home address, which he refused to divulge. On March 17, a judge, aware that service had not been made on Zullo, issued further temporary orders and set another hearing date, March 30, 1995. Zullo was aware that the police were trying to locate him. However, he did not inform the police of his address, and they were unable to make service before March 30. On March 30, the restraining orders were continued until April 28. Finally, on April 10, Zullo was served photocopies of the restraining orders at the Middlesex Superior Court where he was present in connection with an unrelated matter.

General Laws c. 209A, § 7, provides in relevant part that "unless otherwise ordered by the court, [the appropriate law enforcement agency (here, the Framingham police)] shall serve one copy of each order upon the defendant, together with a copy of the complaint, order and summons." Although on April 10 the police served photocopies of the restraining orders on Zullo, they did not serve on him copies of the complaints or the summonses.

On April 23, Zullo filed in the Framingham District Court a "Notice of Defective Service." On April 28, a District Court judge extended the restraining orders to March 8, 1996, one year from the date of the first order. Zullo then filed in the Supreme Judicial Court for Suffolk County a petition for relief under G. L. c. 211, § 3 (1994 ed.), in the form of an order that would "terminate said restraining orders which were issued improperly and without notice." A single justice of this court denied Zullo's petition. This is an appeal from that order.

Since none of the parties has brought to this court's attention any order extending the aforementioned restraining orders beyond March 8, 1996, judgment shall be entered in the county court dismissing the petition as moot. We take this opportunity, however, to make a point relative to the requirements for proper service under G. L. c. 209A, § 7. We wish also to revise the procedure, previously required by us, by which a party may seek review of a G. L. c. 209A order.

We have quoted above the relevant portion of G. L. c. 209A, § 7, which provides that "unless otherwise ordered by the court," service on the defendant of copies of the complaint, order, and summons are required. The words, "unless

otherwise ordered by the court," are significant. When the appropriate law enforcement agency has made a conscientious and reasonable effort to serve the statutorily specified documents on the defendant, but has nevertheless failed, the agency should promptly notify the court so that a judge, if satisfied after a hearing that an appropriate effort has been made, may order that service be made by some other identified means reasonably calculated to reach the defendant. Where such substituted service appears unlikely to notify the defendant, the judge may excuse service.

We turn to our second concern, which relates to the proper procedure for seeking review of a G. L. c. 209A order. Our prior cases have recognized G. L. c. 211, § 3, as the only available route to obtain such review. See *Flynn* v. *Warner*, 421 Mass. 1002, 1003 (1995) ("the only route available to obtain review of a G. L. c. 209A District Court order is to seek relief from a single justice of this court and then, if necessary, from the full court on appeal"); *Frizado* v. *Frizado*, 420 Mass. 592, 593 (1995) ("The use of G. L. c. 211, § 3, to challenge an order entered under G. L. c. 209A was proper"); *Callahan* v. *Boston Municipal Court Dep't*, 413 Mass. 1009 (1992) (plaintiff could invoke G. L. c. 211, § 3, because appellate review was otherwise unavailable). However, following our reasoning in *Department of Revenue* v. *Jarvenpaa*, 404 Mass. 177 (1989), we conclude that, henceforth, review of orders pursuant to G. L. c. 209A should not be initiated by petition under G. L. c. 211, § 3, but rather by the filing of an appeal in the Appeals Court.

This court has "wide discretion in devising various procedures for the course of appeals in different classes of cases." *Flynn, supra* at 1003. Abuse prevention order proceedings were intended by the Legislature to be as expeditious and informal as reasonably possible. *Frizado, supra* at 598. Accordingly, a plaintiff may choose to petition for an order under G. L. c. 209A in a number of different courts including the Superior, Probate and Family, District or Boston Municipal Court Departments of the Trial Court. G. L. c. 209A, § 1. Orders issued by the Probate and Family Court may be reviewed by the Appeals Court pursuant to G. L. c. 211A, § 10 (1994 ed.). On the other hand, review of orders issued by a District court, as was the case here, have been directed to a single justice of this court. *Flynn, supra.* We see no rea-

son why the avenue for review of an order made pursuant to G. L. c. 209A should turn on the fortuity of where the plaintiff initiated the action. In *Jarvenpaa, supra,* we reasoned that there were practical considerations for having all appeals go to the same court when they addressed the equitable considerations of an action under G. L. c. 209C (1994 ed.) (children born out of wedlock). As is the case under c. 209C, orders made under c. 209A are equitable in nature. The policies of providing a "[u]niformity of treatment of litigants and the development of a consistent body of law" are equally applicable to c. 209A appeals. *Jarvenpaa, supra* at 181. Unless and until the Legislature decides otherwise, litigants seeking judicial review of an order made pursuant to G. L. c. 209A are directed to the Appeals Court.

Judgment shall be entered in the county court dismissing the action as moot.

*So ordered.*