COMMONWEALTH *vs.* RAYMOND SOUZA
(and thirteen companion cases[1]).

No. 95-P-1105.

Middlesex. January 22, 1996. - February 2, 1998.

Present: BROWN, SMITH, & GILLERMAN, JJ.

*Constitutional Law,* Confrontation of witnesses, Waiver of constitutional
   rights. *Witness,* Child. *Practice, Criminal,* Failure to object. *Waiver.*

At the jury-waived trial of indictments for sexual abuse of children, the
   special seating arrangements for the child witnesses violated the
   defendants' right of confrontation as guaranteed by art. 12 of the Mas-
   sachusetts Declaration of Rights; however, the defendants waived the issue
   by failing to object at trial or to raise the issue on direct appeal, in
   circumstances in which the state of the law provided sufficient guidance
   that clairvoyance of counsel was not required to have discerned the issue.
   [242]

INDICTMENTS found and returned in the Superior Court Depart-
ment, eight on April 17, 1991, and six on November 12, 1991.

Following review by this court, 39 Mass. App. Ct. 103 (1995),
a motion for a new trial or, in the alternative, an evidentiary
hearing, filed on May 17, 1994, was heard by *Elizabeth J.
Dolan,* J.

*Daniel R. Williams,* of New York (*James Sultan* with him)
for the defendants.

*Catherine E. Sullivan,* Assistant District Attorney (*Martha
Coakley,* Assistant District Attorney, with her) for the Com-
monwealth.

SMITH, J. On February 11, 1993, following their joint jury-
waived trial, a Superior Court judge found the defendants guilty
on fourteen indictments. Raymond Souza was found guilty on
four indictments for rape of a child under the age of sixteen,

---

[1]Six of the companion cases are against Raymond Souza, and seven are
against Shirley Souza.

two indictments for indecent assault and battery on a child under the age of fourteen, and one indictment for assault and battery. He was found not guilty on one indictment for assault and battery. Shirley Souza was found guilty on three indictments for rape of a child under the age of sixteen, three indictments for indecent assault and battery on a child under the age of fourteen, and one indictment for assault and battery. She was found not guilty on one indictment for rape.

Prior to trial, the Commonwealth filed a motion to modify the seating arrangements in the courtroom to accommodate the needs of the child witnesses who were to testify against the defendants. The judge allowed the motion and there was no objection by the defendants; indeed, defense counsel made suggestions regarding the seating arrangements. As a result of the seating arrangements, the defendants were afforded, at best, a profile view of each child's face while the child was testifying.

The defendants appealed their convictions and raised several issues, none of which claimed a denial of their right to confront the child witnesses who testified against them. On August 17, 1995, their convictions were affirmed on appeal. *Commonwealth v. Souza*, 39 Mass. App. Ct. 103, *S.C.*, 421 Mass. 1103 (1995).

On April 12, 1994, while the defendants' cases were on appeal to this court, the Supreme Judicial Court decided *Commonwealth* v. *Johnson*, 417 Mass. 498 (1994). In *Johnson*, the defendant was convicted of two indictments charging him with forcible rape of a child under the age of sixteen. On appeal, the defendant claimed that he was denied his right to confront witnesses against him as guaranteed by the Sixth and Fourteenth Amendments to the United States Constitution and art. 12 of the Declaration of Rights of the Massachusetts Constitution.[2] Over the defendant's objection, the judge allowed the Commonwealth's motion for special seating arrangements for the two child witnesses, who were ages eight and ten at the time of the trial. As a result of the seating arrangements, the defendant was unable to see the face of the particular child witness while the witness was testifying. The court reversed the defendant's convictions, ruling that art. 12 of the Declaration of Rights requires that a criminal defendant be given the opportunity to observe the faces of all witnesses testifying against the defendant at trial. *Id.* at 499-505.

---

[2]Article 12 provides, in part, "every subject shall have a right . . . to meet the witnesses against him face to face."

On May 17, 1994, before the decision in their direct appeals had issued, the defendants filed a joint motion in the Superior Court seeking a new trial or, in the alternative, an evidentiary hearing. The basis of the motion was a claim that, at their trial, the special seating arrangements for the child witnesses violated the "newly-established rule" announced in *Commonwealth* v. *Johnson, supra.* Accompanying the motion were four affidavits, including one from each defendant, which set forth the seating arrangements at the trial. According to the affidavits, the defendants could see only the left ear and the back of the head of the child witnesses while they were testifying. The Commonwealth responded and claimed, among other things, that because the defendants did not object to the seating arrangements at their trial, the issue was waived.

The defendants' motion for a new trial was decided by the judge who had presided at the defendants' jury-waived trial. In her memorandum of decision, she denied the defendants' request for an evidentiary hearing and also the defendants' motion for a new trial. The judge concluded that "[b]ased upon the physical seating arrangements at this trial and the right of the defendants to confrontation, I find no violation of their rights under Article 12 of the Declaration of Rights."

The defendants appealed the judge's denial of their motion, claiming that (1) the judge should have allowed their motion for a new trial because the seating arrangements for the testifying child witnesses violated the defendants' right to confront the witnesses pursuant to art. 12 of the Declaration of Rights and *Commonwealth* v. *Johnson, supra,* and (2) the judge erred in failing to hold an evidentiary hearing on their motion to clarify precisely what angle of view the defendants had of the testifying child witnesses.

After the court heard arguments in this case, the panel learned that the same appellate counsel who brought this appeal was to argue the same confrontation issue raised here in a case pending before the Supreme Judicial Court. Therefore, we deferred our consideration of the defendants' appeal until the Supreme Judicial Court decided the confrontation issue in the matter before it.

On March 24, 1997, the Supreme Judicial Court issued its decision. See *Commonwealth* v. *Amirault*, 424 Mass. 618 (1997). In *Amirault*, the defendants were accused of various sex crimes against children. The seating arrangements for the child

witnesses were similar to the seating arrangements in the Sou-
zas' matters in that, at best, the *Amirault* defendants could see
only the profile of the particular child witness while that wit-
ness was testifying. *Id.* at 621-622. The court construed the
language in art. 12 as requiring not only that a defendant be
given an opportunity to observe the faces of all witnesses testify-
ing against the defendant at trial, but also that the testifying wit-
ness "give his testimony to the accused's face." *Commonwealth*
v. *Amirault*, 424 Mass. at 632. Therefore, the court concluded
that because of the special seating arrangements, the defendants'
right to face-to-face confrontation guaranteed by art. 12 was
violated. *Id.*

The court, however, did not stop its inquiry at that point.
Because there was no objection at trial and the issue was not
raised on the Amiraults' direct appeal, the court considered the
question whether the issue had been waived. "The test for
waiver is whether 'the theory on which his argument is premised
has been sufficiently developed to put [the defendant] on notice
that the issue is a live issue. Counsel need not be clairvoyant.' "
*Commonwealth* v. *Amirault*, 424 Mass. at 639, quoting from
*Commonwealth* v. *Bowler*, 407 Mass. 304, 307 (1990). The
court concluded that the state of the law prior to the Amiraults'
appeals "provided sufficient guidance and, in light of those
cases,[3] it would not have required clairvoyance to raise [the
confrontation claim], particularly at the time of the defendants'
appeals." *Commonwealth* v. *Amirault, supra* at 643. Therefore,
the court ruled that the issue was waived. The court proceeded
to examine the question whether it should order a new trial on

---

[3]The court was referring to the decisions in *Coy* v. *Iowa*, 487 U.S. 1012
(1988), and *Commonwealth* v. *Bergstrom*, 402 Mass. 534 (1988).

In *Coy*, the Court held that a statute which allowed a screen to be placed
between child witnesses and the defendant, preventing the defendant and the
witnesses from seeing each other, violated the Sixth Amendment. 487 U.S. at
1020, 1022. In *Bergstrom*, the court ruled that a statute allowing child wit-
nesses to testify outside of the physical presence of the defendant, even
though the defendant could view the witnesses on closed circuit television,
was unconstitutional. 402 Mass. at 541-548.

In *Amirault*, the court observed that *Maryland* v. *Craig*, 497 U.S. 836
(1990), "severely qualifie[d]" the *Coy* decision. See *Amirault, supra* at 643.

However, in *Bergstrom*, the court stated that "[t]o interpret the words of
[art. 12] as requiring only that the defendant be able to see and hear the wit-
ness renders superfluous the words 'to meet' and 'face to face.' " *Com-
monwealth* v. *Bergstrom, supra* at 542. Certainly, the *Bergstrom* decision, by
itself, should have alerted trial counsel to the confrontation issue.

the ground that there was a substantial risk of a miscarriage of justice. The court concluded that "our review of the evidence and of the proceedings at trial does not awaken doubts of sufficient magnitude to warrant upsetting the convictions . . . ." *Id.* at 647.

After the *Amirault* decision was released, we gave counsel in this matter time to file supplemental briefs in light of that decision. After review of the briefs and record, we hold that our decision is controlled by *Amirault*. Therefore, we hold that the special seating arrangements in this case violated the defendants' right of confrontation as guaranteed by art. 12. However, we also rule that the defendants have waived this issue because there was no objection to the seating arrangements[4] and the state of the law at the time of the trial and the defendants' direct appeal was sufficient to notify them of the existence of the confrontation issue.

We are satisfied, for the following reasons, that there is no substantial risk of a miscarriage of justice and, therefore, we do not order a new trial. The trier of fact in this matter was an experienced Superior Court judge. In our mind, that fact eliminates any prejudice that the special seating arrangements might have had on a jury. Further, the judge made extensive and detailed findings of fact in support of her guilty verdicts. Those findings show that the error in allowing the special seating arrangements played no part in her decisions.

We affirm the denial of the defendants' joint motion for a new trial.

*So ordered.*

---

[4]Defense counsel's copy of the Commonwealth's motion to modify the seating arrangements is in the appendices. It contains a handwritten notation, "no objection other than facing the defendants." That notation does not appear on the motion which was before the judge. It is undisputed that there is no objection in the record.