COMMONWEALTH vs. MICHAEL G. MUNAFO.

No. 97-P-721.

Suffolk. January 9, 1998. - October 9, 1998.

Present: PORADA, KAPLAN, & BECK, JJ.

*Protective Order. Abuse Prevention. Due Process of Law,* Abuse prevention, Notice. *Evidence,* Prior misconduct, Relevancy and materiality.

In the circumstances, error, if any, in failing to serve a criminal defendant with a copy of the underlying complaint at the time he was served in hand in the court house with a G. L. c. 209A order that had issued against him that day, was harmless, where the defendant did not contest the order or demonstrate any prejudice [601-602]; and the defendant's claim that he was never served with a copy of the extended order, which was significantly less restrictive than the temporary order, was foreclosed by *Commonwealth* v. *Delaney,* 425 Mass. 587, 591-593 (1997), cert. denied, 522 U.S. 1058 (1998) [602].

A criminal defendant waived appellate review of an issue he did not raise in the court below. [602]

No substantial risk of a miscarriage of justice arose, at the trial of a complaint alleging a violation of a G. L. c. 209A order, from the judge's allowing in evidence testimony about the defendant's abusive conduct toward the victim, limited to the seven-month period before the incident at issue, where the evidence was relevant to proving the victim's fear of the defendant and to the jury's understanding of the circumstances surrounding the incident [602-603]; further, there was no error in the judge's instructions to the jury on their use of that evidence [603].

At a criminal trial, there was no error in the judge's exclusion of evidence proffered by the defendant on direct examination with respect to an incident involving the victim, the relevance of which was greatly attenuated. [603-604]

COMPLAINT received and sworn to in the Boston Municipal Court Department on March 19, 1996.

The case was tried before *Linda E. Giles,* J., and a motion for a new trial, filed on January 27, 1997, was heard by her.

*Susan Underwood* for the defendant.

*Mark T. Lee,* Assistant District Attorney, for the Commonwealth.

BECK, J. A food fight in a guest room at the Sheraton Boston Hotel in the late evening and early morning of March 16-17, 1996, culminated in the defendant's arrest for assault and battery and violation of the "no abuse" provision of an extended abuse prevention order issued pursuant to G. L. c. 209A, § 4. The defendant and the victim had an eight year long relationship. They had gone to the hotel for a night together without the children. After having drinks at the hotel and another nearby establishment, the couple had a disagreement about where to go next. The defendant wanted to go to a gay bar; the victim refused, convinced the defendant would require, as he had in the past, that she pick up another woman from the bar. The defendant returned to the hotel alone and ordered some food to take to the room. When the victim returned to the room, the defendant refused to give her money for food. In response, she threw the defendant's food at the bed on which he was lying. A physical confrontation ensued and the victim called security, who in turn called the police. The victim claimed the defendant attacked her. He claimed self-defense.

A Boston Municipal Court jury found the defendant not guilty of assault and battery and guilty of violating the c. 209A order. The trial judge denied the defendant's subsequent motion for a new trial. On appeal the defendant claims that (1) the trial judge should have allowed his motion for a new trial because he was not served with the complaint underlying the original order or with the revised order as G. L. c. 209A, § 7, requires; (2) the judge improperly admitted evidence of the defendant's prior abusive conduct toward the victim; and (3) the judge abused her discretion by precluding the defendant from introducing evidence that the victim left the children with him when she left their home after a fight. We affirm the judgment and the order denying the defendant's motion for a new trial.

1. *Service of the complaint and order.* Section 7 of G. L. c. 209A, as amended by St. 1994, c. 24, § 7, provides in relevant part:

> "Whenever the court orders . . . [under G. L. c. 209A, §§ 3, 4, & 5] the defendant to vacate, refrain from abusing the plaintiff or to have no contact with the plaintiff or the plaintiff's minor child, the . . . clerk-magistrate shall transmit two certified copies of each such order and one copy of the complaint and summons forthwith to the ap-

propriate law enforcement agency which, unless otherwise ordered by the court, shall serve one copy of each order upon the defendant, together with a copy of the complaint, order and summons . . . . The law enforcement agency shall promptly make its return of service to the court."

(a) *Facts.* The relevant, undisputed facts are as follows. On January 9, 1996, the victim applied for and was granted an order pursuant to G. L. c. 209A, at the Quincy Division of the District Court Department. The order was issued at 12:30 P.M. that day and initially had an expiration date of January 18, 1996. Of the twelve standard orders available on the trial court's form entitled "Abuse Prevention Order," the temporary order included seven: (1) not to abuse the victim; (2) not to contact the victim; (3) to immediately leave and stay away from the victim's residence; (6) custody of children awarded to the victim; (7) not to contact one of the children; (10) to pick up personal belongings in company of police; and (12) to immediately surrender firearms to the local police department.

Later that day, the defendant appeared in the same court, before the same judge, and requested his own order against the victim, which the judge apparently granted. The judge informed the defendant that she was extending to February 6, 1996, the date for the hearing on the temporary order she had already issued against him. While he was in the court house, the defendant was served with a copy of that order. He was never served with copies of the complaint or the summons.

The defendant did not appear for the hearing on February 6, 1996, and the judge extended the order for a year. On February 13, 1996, the victim returned to court and requested that the judge modify the previous order by vacating five of the seven orders — (2), (3), (6), (7), and (10) — leaving only orders (1) and (12) in place, which the court did. The defendant was not present for that hearing. The victim testified that she told the defendant about the modified order.

Before trial began on the violation of the c. 209A order, the defendant made an oral motion to dismiss, claiming he never received notice of the order he was alleged to have violated. The judge denied the oral motion but invited the defendant to renew the motion to dismiss at the conclusion of the Commonwealth's case, if the Commonwealth failed to meet its burden of proof on the notice issue. The defendant did not

move for a required finding. In her instructions to the jury, the judge said that in order to find the defendant guilty of violating the restraining order, they would have to find "that the defendant knew that the pertinent terms of the order were in effect, either by having received a copy of the order or by having learned of them in some other way." There was no objection to these instructions.

Some months after his conviction and sentencing, and the filing of his notice of appeal, the defendant filed a motion for a new trial. Relying on *Zullo* v. *Goguen*, 423 Mass. 679 (1996), decided after his trial, the defendant claimed he was entitled to a new trial because he was not served with copies of the summons or complaint underlying the original order, or with the modified extended order. The judge denied the motion in a memorandum of decision.

(b) *Discussion.* In responding to the defendant's argument on appeal, the Commonwealth concedes that the defendant raised the issue of service of the complaint at trial. We think, however, that the Commonwealth gives credit where none may be due and doubt that the defendant did raise the issue at trial. The gist of the defendant's objection was as follows: "There was a problem with the notice, Judge, . . . [t]hat order was changed in the court from the eighteenth to the twenty-fifth [*sic*] of February . . . [the defendant] . . . has never been served with anything subsequent to the matter on [January] ninth." In any case, the trial judge fully addressed the defendant's claim of error on this point in her memorandum and order on the defendant's new trial motion. Therefore, the issue "must be considered as if properly preserved for direct appeal." *Commonwealth* v. *Hallet*, 427 Mass. 552, 555 (1998).

In *Zullo* v. *Goguen, supra,* although Zullo knew the police were looking for him in order to serve him with two ten-day temporary restraining orders issued pursuant to G. L. c. 209A, § 4, he refused to divulge his home address. *Id.* at 679-680. The police finally served him with photocopies of the orders, but they did not serve him with copies of the complaints or summonses. *Id.* at 680. The Supreme Judicial Court addressed the issue of service of a restraining order on a defendant who deliberately tries to avoid service. Focusing on the clause of G. L. c. 209A, § 7, which calls for service upon a defendant of a copy of the orders, together with copies of the complaint, order, and summons "unless otherwise ordered by the court,"

the court determined that the appropriate law enforcement agency should seek relief from the service requirements of G. L. c. 209A, § 7, from a judge when "reasonable effort[s] to serve the statutorily specified documents on the defendant" have failed. *Zullo* v. *Goguen*, 423 Mass. at 681.

The defendant argues that since there was no judicial authorization to omit service of the complaint in this case, there was no valid restraining order, and his motion for a new trial should have been allowed. He relies on the court's statement that " 'unless otherwise ordered by the court,' service on the defendant of copies of the complaint, order, and summons are required." *Id.* at 680, quoting from G. L. c. 209A, § 7.

After briefs were filed in this case, the Supreme Judicial Court decided *Commonwealth* v. *Delaney*, 425 Mass. 587 (1997), cert. denied, 522 U.S. 1058 (1998). Delaney claimed that he was never served with a copy of an extended c. 209A order and that personal service was essential to convict him of violating the order. Service of the temporary order was left at Delaney's last and usual place of abode. *Id.* at 588. The Supreme Judicial Court determined that "personal service of the extended order [was] not required," *id.* at 590, because the defendant had received a copy of the temporary order, which "warned [him] that, if he failed to appear, 'an extended or expanded [o]rder may remain in effect.' " *Id.* at 591. See G. L. c. 209A, § 4, as amended through St. 1990, c. 403, § 4 ("If the defendant does not appear at such subsequent hearing, the temporary orders shall continue in effect without further order of the court"). The *Delaney* case does not cite *Zullo* v. *Goguen, supra,* nor does the court mention service of the complaint, as opposed to the order, anywhere in the opinion.

The complaint notifies the defendant of the basis for issuing the restraining order, so that he may contest the issuance of the order. See generally Smith & Zobel, Rules Practice § 8.1 (1974). Here the defendant received in-hand service of the order in the very court house where he sought and apparently received a similar order issued against the victim from the same judge who had issued the order against him. As in *Delaney*, the defendant was familiar with the c. 209A process. *Commonwealth* v. *Delaney*, 425 Mass. at 591 n.5. The defendant could have asked to see any part of the file in this case, including the complaint, when he was in the court house, or he could have appeared to contest the order on February 6. *Id.* at 592

(defendant with reasonable inquiry could have discovered temporary order had been extended). See *Flynn* v. *Warner*, 421 Mass. 1002 (1995) (no prejudice because judge gave Flynn the opportunity to read 209A affidavit). "[A] party may not 'shut his eyes to the means of knowledge which he knows are at hand, and thereby escape the consequences which would flow from the notice if it had actually been received.' " *Commonwealth* v. *Delaney, supra* at 592, quoting from *Commonwealth* v. *Olivo*, 369 Mass. 62, 69 (1975). The defendant makes no claim that he was prejudiced or that he would have contested the issuance of the order if he had had a copy of the complaint. Nor did he include a copy of the complaint in the record appendix. See Mass.R.A.P. 18(a), as amended, 378 Mass. 940 (1979). At least on the facts of this case, even if failure to serve the defendant with the complaint was error, it was harmless. The judge did not err in denying the motion for new trial.

*Delaney* also clearly resolves against the defendant his claim that failure to serve the extended order was fatal error on either statutory or constitutional grounds. *Commonwealth* v. *Delaney, supra* at 591-593. Particularly here, where the extended order reduced significantly the controls on the defendant's conduct, there was no failure of notice. *Commonwealth* v. *Molloy*, 44 Mass. App. Ct. 306 (1998), is not to the contrary. That case concerned notice of the extension of an annual order, not of a temporary order, as is the case here. Finally, having failed to raise the issue earlier, the defendant has waived the argument that the c. 209A order was invalid because of the extension in the hearing date.

2. *Prior bad acts.* Before trial, the Commonwealth filed a motion in limine seeking permission to introduce evidence of prior instances of the defendant's abusive conduct toward the victim going back to 1992. The judge allowed the Commonwealth's motion but limited such evidence to the seven-month period before the incident at issue in the trial. The defendant argues that the evidence was both irrelevant and highly prejudicial.

While we have some question as to whether the defendant registered an effective objection to the judge's ruling on the Commonwealth's motion in limine, he did not object to the evidence when it was introduced at trial. Therefore, our review is limited to determining whether there was a substantial risk of a miscarriage of justice. *Commonwealth* v. *Boyer*, 400 Mass. 52, 56-57 (1987). There was not.

As the prosecutor argued, the evidence of the history of the relationship was relevant to proving the victim's fear of the defendant. G. L. c. 209A, § 1. *Commonwealth* v. *Gordon,* 407 Mass. 340, 351 (1990). While we agree that the victim's testimony about sexual acts the defendant demanded she perform may have been offensive to the jury, it was also relevant to understanding the dispute regarding the gay bar on the evening in question. "[T]he trial judge reasonably decided that the prior conduct evidence was necessary to give the jury the whole picture." *Commonwealth* v. *Chartier,* 43 Mass. App. Ct. 758, 761 (1997). See *Commonwealth* v. *King,* 387 Mass. 464, 472 (1982). Moreover, having found the defendant not guilty on the assault and battery charge, the jury demonstrated their lack of prejudice in weighing the evidence. See *Commonwealth* v. *Delaney,* 425 Mass. at 595.

Although the defendant did not object at trial, he now claims that the judge's instructions on the permissible use of the prior conduct evidence "constituted palpable error." Whether or not the issue was waived, there was no error. The judge's instructions were consistent with case law, see, e.g., *Commonwealth* v. *Calcagno,* 31 Mass. App. Ct. 25, 26-27 (1991); *Commonwealth* v. *Chartier, supra* at 761, and cases cited, as well as with Instruction 4.061 of the Model Jury Instructions for Use in the District Court (1995).

3. *Victim's credibility.* In order to test the credibility of the victim's professed fear of the defendant, defense counsel attempted to cross-examine her about leaving the children with the defendant after he had assaulted her on another occasion. The judge interrupted, inquired at side bar as to where the question was leading, and concluded the side bar with the words "Okay. Sustained. Go ahead." No one attempted to determine the meaning of the judge's remark. Defense counsel did not object but instead began a new line of questioning. Later, on direct examination of the defendant, defense counsel attempted to elicit testimony regarding the same episode for the same purpose. This time the Commonwealth did object, and the judge sustained the objection.

On appeal, the defendant argues for the first time that the judge prevented him from exercising his constitutional right to test the credibility of the victim. "[A] trial judge may curtail direct examination or cross-examination if the questions are not relevant or if . . . the relevance is greatly attenuated." *Com-*

*monwealth* v. *Souza*, 39 Mass. App. Ct. 103, 108 (1995), *S.C.*, 44 Mass. App. Ct. 238 (1998). We think that was the case here. Even when there has been timely objection, we accept the judge's resolution of the evidentiary issues absent palpable error. *Commonwealth* v. *Souza*, 39 Mass. App. Ct. at 108. No such error occurred. There was already considerable evidence, including testimony of the victim herself, as to her ambivalent feelings about the defendant. In addition, parts of the testimony of the security officers and the police were also at odds with the victim's testimony regarding the events in the hotel room. The defendant stressed all of the inconsistencies in his closing argument. This alleged incident, which the victim said she did not remember, would have added little to the defense.

*Judgment affirmed.*

*Order denying motion for new trial affirmed.*