MARA L. PELLEGRINO *vs.* JOSEPH D. VILLAPIANO. January 4, 2011. *Supreme Judicial Court,* Appeal from order of single justice, Superintendence of inferior courts. *Practice, Civil,* Moot case. *Evidence,* Medical record.

Mara L. Pellegrino (petitioner) appeals pro se from a judgment of a single justice of this court denying her petition for relief pursuant to G. L. c. 211, § 3. We dismiss the appeal as moot.

On June 10, 2010, the petitioner applied in the Boston Municipal Court for an abuse prevention order, under G. L. c. 209A, against Joseph D. Villapiano (respondent). On June 23, a judge (first judge) granted the respondent "[l]imited discovery," apparently concerning portions of the petitioner's medical history. Thereafter, the respondent subpoenaed an array of the petitioner's medical records from various hospitals. On August 13, a second judge ordered the records turned over to the court for impoundment.[1] On the same day, the petitioner filed in the county court a G. L. c. 211, § 3, petition, seeking orders vacating the lower court's grant of discovery and directing the lower court to destroy the medical records in its possession. On August 16, while the petition was pending, the application for a G. L. c. 209A order was denied in the lower court, after a hearing. It is not clear from the record before us whether the medical records were discussed or considered by the judge during the hearing. In any event, on the day of the hearing, the court ordered all the medical records in its possession destroyed, and the records were thereafter destroyed. Approximately two weeks later, on August 31, the petitioner's G. L. c. 211, § 3, petition was denied.

The petitioner has filed a memorandum and appendix pursuant to S.J.C. Rule 2:21, as amended, 434 Mass. 1301 (2001). In her memorandum, she acknowledges that the matter has become moot. She nonetheless seeks review of the denial of her application for a G. L. c. 209A order, requesting that the matter be "retroactively returned to the date the [discovery] violation occurred." That claim was not raised before the single justice and, in any event, relief on that basis is not warranted under G. L. c. 211, § 3, because the petitioner can challenge the denial of her application for a G. L. c. 209A order on appeal to the Appeals Court. See *Zullo* v. *Goguen,* 423 Mass. 679, 681 (1996). The lower court docket shows that the petitioner has in fact filed a notice of appeal. In that appeal, the petitioner may challenge the propriety of the defendant's discovery of her medical information; she may also raise in that appeal her claim that it is not appropriate for the appellate court to view any

---

[1]At an earlier hearing, on August 4, 2010, the second judge said that he was going to examine the records in camera. He also said that he would look at the records to "see whether they seem relevant or not," and would "rule on [them] as [they are] offered."

portions of the record below that may include personal information from her medical records.[2]

*Appeal dismissed.*

*Mara L. Pellegrino*, pro se, submitted a brief.

---

[2]We deny the petitioner's request, raised here for the first time, that we impose a "gag order" on unidentified parties whom she claims orally disseminated information from her medical records. She is free to renew her request in the trial court, or in conjunction with her appeal to the Appeals Court.