NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

23-P-1152

C.S.

vs.

M.R.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

After a two-party hearing pursuant to G. L. c. 258E, a District Court judge issued an order prohibiting M.R., the defendant, from harassing C.S., the plaintiff.  The defendant appeals, and we affirm.

Background.  The parties are police officers in the same department where the defendant supervises the plaintiff. According to her complaint for protection from harassment and supporting affidavit, the plaintiff alleged that the defendant committed against her acts constituting indecent assault and battery.  Her affidavit described unwanted physical contact including kissing her neck, pulling her close and pressing his groin and penis against her, and reaching beneath her clothes

and fondling and kissing her breasts. At a two-party hearing, the plaintiff testified, affirmed the truth of the statements in her affidavit, denied any relationship with the defendant, and repeated her allegations about the defendant touching and kissing her breasts without her consent. The defendant testified it was the plaintiff who flirted with him and unexpectedly kissed him. As to the remainder of their physical contact, he testified, "She bit me on the neck, she gave me a hickey and she pushed me on the bed, got on top of me, took off her shirt and that was the end of it." The defendant also submitted four exhibits that included e-mail and text messages purportedly exchanged between the plaintiff and the defendant, photographs of the plaintiff, and an e-mail message from the city solicitor. After considering the evidence, the judge concluded, "I do find [the plaintiff] credible and I do not find the defendant credible and I am going to extend her request [for the order]" based on facts constituting indecent assault and battery.

Discussion. "A person suffering from harassment may file a complaint in the appropriate court requesting protection from such harassment." G. L. c. 258E, § 3 (a). "Harassment" consists of any of the following: (1) three or more acts of willful and malicious conduct, (2) an act of force, threat, or

2

duress that causes another to involuntarily engage in sexual relations, or (3) an act that constitutes a violation of various statutes including G. L. c. 265, § 13H (indecent assault and battery).  See G. L. c. 258E, § 1.

We disagree with the defendant's contention that the judge erred by issuing a harassment prevention order that was not based on three or more acts of willful and malicious conduct. As the language of the statute indicates, harassment may be shown by means other than three acts of willful and malicious conduct.  See G. L. c. 258E, § 1.  Here, the plaintiff presented evidence that the defendant subjected her to unwanted physical contact including pulling her close and pressing his groin and penis against her and reaching beneath her clothes and fondling and kissing her breasts.  The judge expressly credited her version of these events, disbelieved the defendant's version, and concluded that the evidence, constituting indecent assault and battery or forced sexual relations, qualified as harassment under G. L. c. 258E, § 1.  The plaintiff did not have to prove anything more than that to obtain court protection from the defendant.  Accordingly, we discern no error by the judge.

For the first time, the defendant contends that two hearsay documents should not have been admitted and deprived him of the right to cross-examine witnesses.  In addition to her affidavit,

3

the plaintiff attached to her complaint two statements, dated just days before filing the complaint, of two police department employees. One statement purported to be an interoffice memorandum of another supervisor reporting some of the plaintiff's allegations about the defendant's conduct. A second statement, addressed "[t]o [w]hom [t]his [m]ay [c]oncern," memorialized the witness's own observations of the defendant and the plaintiff in the police station and summarized some of the plaintiff's allegations that she made to the witness. Defense counsel raised no objection and cross-examined the plaintiff about the interoffice memorandum composed almost four years after the incidents. At the conclusion of the two-party hearing, the judge stated, "I believe [the plaintiff], based on everything that I have seen and heard today, coupled with the statements from [the two police department witnesses], as well as [her other union representative witness who testified]." We discern no error.

A hearing on a request for a harassment prevention order must comport with fundamental requirements of due process. See R.S. v. A.P.B., 95 Mass. App. Ct. 372, 373 n.4 (2019). These requirements include fair notice of the proceedings, a meaningful opportunity to be heard, a right to testify, a right to present evidence, and a right to cross-examine witnesses.

4

See Idris I. v. Hazel H., 100 Mass. App. Ct. 784, 788 (2022).

Proceedings under c. 258E, are protective and not penal, and "the rules of evidence need not be followed, provided that there is fairness in what evidence is admitted and relied on." A.P. v. M.T., 92 Mass. App. Ct. 156, 161 (2017), quoting Frizado v. Frizado, 420 Mass. 592, 597-598 (1995), overruled on another ground by Zullo v. Goguen, 423 Mass. 679, 681 (1996). We conclude that the defendant, who failed to raise any objection at the two-party hearing, has waived any due process claim regarding the procedure followed by the judge. See Diaz v. Gomez, 82 Mass. App. Ct. 55, 63 (2012) (failure to raise due process claim in trial court waives any due process claim on appeal). It was not enough that defense counsel, after the evidence closed and the judge announced her decision, asked whether the judge was crediting "the two statements that [counsel] can't cross examine," and then dropped the matter after the judge answered in the affirmative.

Even if the claim were not waived, we discern no error. In harassment prevention hearings, "the rules of evidence should be applied flexibly by taking into consideration the personal and emotional nature of the issues involved, whether one or both of the parties is self-represented, and the need for fairness to all parties." Mass. G. Evid. § 1106 (2022). As in analogous

5

abuse prevention hearings under G. L. c. 209A, the court process "is intended to be expeditious and as comfortable as it reasonably can be for a lay person to pursue.  Judges often must deal with large numbers of these emotional matters in busy court sessions.  The process must be a practical one." Frizado, 420 Mass. at 598.

Applying these standards, we discern no due process violation.  The record here shows that the plaintiff, representing herself, testified to sexual assaults of a highly personal nature perpetrated by a police department supervisor.  She faced rigorous cross-examination, and the defendant testified and presented his own extensive exhibits.  The record does not suggest that the defendant was limited in his defense or otherwise prohibited from calling the two police department employees as witnesses.  Contrast C.O. v. M.M., 442 Mass. 648, 657 (2004) (due process violation where defendant "was not given any opportunity to present or to cross-examine witnesses"); Idris I., 100 Mass. App. Ct. at 789 (due process violation where judge "did not respond" to counsel's repeated protest).

Moreover, defense counsel made hay out of the very statements that are now being challenged.  Rather than objecting to the hearsay statements, it is evident that counsel tried to portray the hearsay statements as a last minute, ham-handed

6

effort by the plaintiff to generate police department documentation of her complaints of events that happened almost four years earlier. For example, defense counsel argued that the hearsay statements, that lacked any internal reference to dates of the events, "show very clearly that dates are left out and missing in a calculated way." He also argued that the supervisor who composed the interoffice memorandum about the plaintiff's report "thought it just happened." Therefore, the defendant had a fair opportunity to challenge the plaintiff's evidence and present a defense and did not suffer from a denial of due process.

<u>Order entered April 11, 2023, extending harassment prevention order affirmed</u>.

By the Court (Meade, Sacks & Hodgens, JJ.[1]),

Clerk

Entered: June 9, 2025.

7