LoConto, PJ.
This matter came before the Western Appellate Division as an Appeal on the Record of Proceedings by the defendant in the original case after she was found civilly responsible for two counts of disturbing the peace, in violation of G.L.c. 272, §53. The facts and issues necessary for an understanding of the appeal are as follows.
Procedural Background
On January 22,1997, the appellant was scheduled for trial in the Jury of Six Session of the Pittsfield District Court on two counts of disturbing the peace, in violation of G.Lc. 272, §53. The Commonwealth orally moved that the above-mentioned misdemeanors be treated as civil infractions in accordance with G.Lc. 277, §70C. The appellant did not object and the court allowed the motion.[1] After trial, the court adjudicated the appellant “responsible” and imposed fines. The appellant filed her notice of appeal on January 27,1997. On February 4,1997, the trial judge issued sixty-seven findings of fact and three rulings of law. The appellant challenges, (a) the trial judge’s ruling that her conduct “is not protected activity and may be prosecuted either civilly or criminally in state court,” (b) the sufficiency of the evidence as a matter of law to support the court’s finding of “responsible,” (c) the constitutionality of G.L.c. 277, §70C, and (d) whether the appellant was selectively prosecuted.
Factual Background
On May 3, 1996, the appellant was an employee of Berkshire Health Systems and a member of Local 285 of the Service Employees International Union. Mr. David E. Phelps, CEO of Berkshire Medical Center was aware that union representatives had planned to come to the hospital on May 3,1996, to demand a meeting with himself and some employees. At approximately 4:15 P.M. the demonstrators arrived by bus and were met by Richard Daly, the Chief of Hospital *126 Security. Daly spoke to the appellant and was assured by her that the demonstration would not extend into the patient areas. Daly noticed that the appellant was the only protestor carrying a placard. He estimated the crowd at 150 people. Daly saw the group enter the hospital in the direction of the administrative area. The demonstrators were crammed into the hallways, requiring Daly to physically push his way pass the group. Mr. Phelps was not in his office at this time but had left the hospital for the weekend. Cheryl Boudreau and Lynn Murphy were employees of the hospital and shared an office that was located outside Mr. Phelp’s office. These two employees heard the demonstrators before they began to enter their office area. The appellant was the first to enter. She carried a large placard consisting of an enlarged letter for Mr. Phelps. The appellant was observed chanting, clapping and yelling with the crowd. Ms. Boudreau’s calls for help went unheard over the noise of the demonstrators. Ms. Murphy was frightened and thought she would get hurt. After remaining in the office for approximately fifteen minutes, Daly informed the appellant that the group was disturbing the patients on the Skilled Nursing Unit and that they had to leave. The appellant responded that she was unaware that patients were disturbed and motioned to the crowd with her hands to quiet and leave the room. The court found that both Boudreau and Murphy were extremely upset as a result of the demonstration. In addition, the court found that they felt “threatened, trapped, helpless and frightened.” Joan Gore and Laura Frank, also employees at the hospital, heard the noise and left their office to inquire. They stopped and returned to their office because they were frightened by the noise and the tone of the crowd in the hallway. They locked their door and called security. The next day, Boudreau and Murphy went to the Pittsfield Police Department to file a complaint against the defendant, because she was one of the few people that they recognized and because she appeared to be in control. Bou-dreau and Murphy were not members of either the union or hospital management.
Discussion
Preemption Doctrine. The appellant is aggrieved by the trial judge's ruling that her conduct is not protected activity. Specifically, the judge ruled that the appellant’s conduct “constituted an unlawful disturbance of the peace and is not protected activity and may be prosecuted either civilly or criminally in state court.” The appellant contends that the state court jurisdiction over this case is preempted by the National Labor Relations Act (“Act”) because her actions were arguably protected by 29 U.S.C. §157.[2] In addition, the Act makes it an unfair “labor practice” for an employer or a union to interfere with the rights provided by §157. See: 29 U.S.C. §158. The appellant claims that the Act provides assorted rights to an employee for resolving disputes between employees, employers and labor unions and that the Act establishes the National Labor Relations Board (“Board”) with exclusive jurisdiction over the resolution of unfair labor practice charges.
“When an activity is arguably subject to §7 or §8 of the Act [29 U.S.C A §157, 158], the State as well as the federal courts must defer to the exclusive competence of the National Labor Relations Board if the danger of state interference with national policy is to be averted.” San Diego Building Trades Council v. Garmon, 359 U.S. 236, 245 (1959). However, “ [t] he primary jurisdiction rationale justifies pre *127 emption only in situations in which an aggrieved party has a reasonable opportunity either to invoke the Board’s jurisdiction himself or else to induce his adversary to do so.” Sears, Roebuck & Co. v. Carpenters, 436 U.S. 180, 201 (1978). In the present case, neither Murphy nor Boudreau had a reasonable opportunity to invoke the Board’s jurisdiction. Nor could they induce the defendant herself to do so; and their complaint of disturbing the peace did not question the appellant’s right to demonstrate. In fact, the appellant and her fellow demonstrators succeeded as planned and delivered their letter. Therefore, the appellant did not have an unfair labor practice charge to present to the Board.
Prosecuting the appellant on the complaints before the court did not interfere with the Board’s exclusive jurisdiction in matters of unfair labor practice charges. The allegations contained in the complaints did not challenge the appellant’s right to demonstrate. The complaints were instituted by two employees who were not part of management, nor members of the union. The complainants instituted the charges because the appellant was someone they recognized and she appeared to be in charge. There was no risk that by enforcing a violation of G.L.c. 272, §53 against the appellant under the facts of this case, that the Massachusetts court could have interfered with the jurisdiction of the National Labor Relations Board.
Sufficiency of the evidence. The Commonwealth was required to prove by a fair preponderance of the credible evidence that the appellant engaged in conduct which most people would find to be unreasonably disruptive, and that her actions were done intentionally, and not by accident or mistake, and that she did in fact annoy or disturb at least one person. District Court Department, Model Jury Instructions 5.44 (Revised 1988). A “reasonable man” standard is applied to the first element to avoid prosecutions based on individual hypersensitivity, that is, an activity that most people would find unreasonably disruptive. The second prong requires that there be proof of an actual victim, “and subjects potential defendants to criminal prosecution only when their activities have detrimental impact.” Com. v. Orlando, 371 Mass. 732, 735 (1977).
The evidence clearly supports the trial judge’s ultimate ruling that the defendant’s conduct, individually, constitutes “Disturbing the Peace.” The defendant appeared to be the only protestor carrying a placard representing a letter to be delivered to Mr. Phelps; she held herself out as representing the demonstrators; she placed herself at the front of the crowd; she was one of the first to enter Mr. Phelp’s office; she motioned the crowd to silence in order to inquire of Mr. Phelp’s presence; she encouraged the crowd to further protestation by loudly exclaiming her incredulity to the lack of anyone being in charge during Mr. Phelp’s absence; she reacted to Mr. Daly’s remark that patients were being disturbed and again controlled the crowd with her arms, causing them to exit the office. In addition, she was observed “chanting, clapping and yelling with the crowd.” Without deciding whether the appellant’s conduct constitutes a violation under a joint venture theory, there was ample evidence to support the finding that her actions, individually, established the offenses as alleged.
Constitutionality of G.L.c. 277, §70C. Added to the General Laws on June 21, 1995, section 70C of chapter 277 permits a violation of a municipal ordinance or bylaw, and most misdemeanors to be treated as civil infractions at the request of the commonwealth.[3] Civil treatment of traditionally criminal statutes is not unique to *128 chapter 277, §70C. Certain violations of the fish and game regulations, dog control laws and motorboat and recreational vehicles offenses specifically treat prohibited activities civilly. In addition, trials of civil motor vehicle infractions, as defined by chapter 90C, are commonplace in the District Court. However, “the mere fact that statutory provisions are ‘civil’ and not ‘criminal’ does not save them from scrutiny under the vagueness doctrine.” Custody of a Minor, 387 Mass. 712, 717 (1979). “The principal question posed [by both claims] is whether the statute is so vague ‘that men of common intelligence must necessarily guess at its meaning and differ as to its application.’ Such vagueness would permit ‘untrammeled (administrative) discretion’ and arbitrary and capricious decisions in violation of the due process clause of the Fourteenth Amendment to the Constitution of the United States and of art. 10 of the Massachusetts Declaration of Rights.” Board of Appeals of Hanover v. Housing Appeals Committee in Dept. of Community Affairs, 363 Mass. 339, 363 (1973).
We rule that the statute meets the minimum due process requirements providing that “no one may be required at peril of life, liberty or property to speculate as to the meaning of penal statutes.” United States v. Batchelder, 442 U.S. 114, 123 (1979). The elements of the offense of disturbing the peace did not change on account of the commonwealth’s motion; and the statute, G.L.c. 277, §70C, clearly prescribes that no imprisonment can be imposed upon a conviction, resulting in a fine as the only penalty the appellant faced. The rebuttable presumption in favor of the legitimacy and constitutionality of every statute has not been defeated by the appellant in this case. Attorney General v. School Committee of Essex, 387 Mass. 326 (1982).
Selective Prosecution. To successfully defend a criminal charge on a selective prosecution, theory, a defendant must show that “(1) a broader class of persons than those prosecuted has violated the law; (2) the failure to prosecute was either consistent or deliberate; and (3) the decision not to prosecute was based on an impermissible classification such as race, religion, or sex.” Commonwealth v. Franklin Fruit Co., 388 Mass. 228, 230, (1983). See: Commonwealth v. Franklin, 376 Mass. 885, 894-895, (1978). A criminal defendant bears the burden of showing a selective prosecution of the law, since there exists a presumption that all prosecutions are initiated in good faith, without any attempt to discriminate. Commonwealth v. King, 374 Mass. 5, 22 (1977). Once the defendant has presented a prima facie case, the commonwealth bears the burden to rebut the inference. The appellee’s contention that the Appellate Division should consider the issued waived on account of the appellant’s failure to raise this by pre-trial motion is meritorious. The commonwealth would now be prejudiced if the defendant presented a prima facie case before us, without an opportunity to rebut the inference based upon the record created at trial. The appropriate time to allege a claim of selective prosecution, therefore, is before trial by a motion to dismiss. However, “[t]here may always be exceptional cases or particular circumstances which will prompt a reviewing or appellate court, where injustice might otherwise result, to consider questions of law which were neither pressed nor passed upon by the court or administrative agency below. ... Rules of practice and procedure are devised to promote the ends of justice, not to defeat them.” Cruz v. Commissioner of Public Welfare, 395 Mass. 107, 111 (1985), quoting, Hormel v. Helvering, 312 U.S. 552, 557 (1941). In this case, there is no danger that an injustice may result if the appellant is precluded from raising the issue of selective prosecution for the first time on appeal. The record clearly shows that the appellant was never arrested for the offenses, that the complaints were initiated by private citizens who were not part of hospital management, that the appellant was one of the few people they recognized, and that she appeared to be in charge.
*129 For the above stated reasons we affirm the findings of “responsible” and order that the appeal be dismissed.

 Appellate counsel did not represent the appellant at trial.

 Employees shall have the right to self-organization, to form, join, or assist labor organizations, to bargain collectively through representatives of their own choosing, and to engage in other concerted activities for the purpose of collective bargaining or other mutual aid or protection, and shall also have the right to refrain from any or all of such activities except to the extent that such right may be affected by an agreement requiring membership in a labor organization as a condition of employment as authorized in section 158(a) (3) of this title.

 “Upon oral motion by the commonwealth, the court may in its discretion treat any violation of a municipal ordinance or by-law, or any misdemeanor offense not involving a crime against the person punishable by chapter two hundred and sixty-five, as a civil infraction. A person complained of for such a civil infraction shall neither be sentenced to any term of incarceration nor be entitled to appointed counsel pursuant to chapter two hundred and eleven for said infraction.” G.L.c. 277, §70C.