COMMONWEALTH vs. SCOTT D. DRURY.

No. 10-P-498.

Worcester. March 3, 2011. - July 26, 2011.

Present: KAFKER, VUONO, & RUBIN, JJ.

*Appeals Court,* Jurisdiction. *District Court,* Appellate Division, Jurisdiction. *Practice, Civil,* Appeal, Choice of forum, Notice of appeal.

This court concluded that an appeal from a judgment entered in a District Court case that has been converted, pursuant to G. L. c. 277, § 70C, from a criminal complaint to a civil infraction must be taken to the Appellate Division of the District Court Department, rather than the Appeals Court. [845-848]

This court vacated and remanded for further consideration an order of the Appellate Division of the District Court Department dismissing an appeal from the denial of a motion to assemble the record for appeal, where the notice of appeal had been timely filed. [848-849]

COMPLAINT received and sworn to in the Winchendon Division of the District Court Department on July 2, 2008.

The case was heard by *Patrick A. Fox,* J., and a motion to assemble the record, filed on August 18, 2009, was also heard by him.

An application for leave to prosecute an interlocutory appeal was allowed by *Margot Botsford,* J., in the Supreme Judicial Court for the county of Suffolk, and the case was transferred by her to the Appeals Court.

*Scott D. Drury,* pro se.

*Stephen J. Carley,* Assistant District Attorney, for the Commonwealth.

KAFKER, J. The primary issue presented is the appropriate appellate forum to review a District Court case that was converted from a criminal complaint to a civil infraction pursuant to G. L. c. 277, § 70C. This appeal is before us after the entry of an order by a single justice of the Supreme Judicial Court for

Suffolk County on the defendant's petition, essentially brought pursuant to G. L. c. 211, § 3, in which he sought relief from the denial of his motion to assemble the record for appeal in District Court. The single justice directed that the order denying that motion be vacated and that the record be assembled. The single justice identified two issues to be decided by this court: "(1) whether a party may appeal to the Appeals Court from a judgment in a case that has been converted under G. L. c. 277, § 70C; and (2) if so, whether [the defendant] filed his notice of appeal late."

We conclude that an appeal from a case that has been converted under G. L. c. 277, § 70C, must be taken first to the Appellate Division of the District Court, not directly to the Appeals Court, and that the appeal in the instant case to the Appellate Division was timely and should have been addressed on its merits.

*Procedural facts.* The relevant procedural facts underlying the appeal are as follows. The defendant was charged in the Winchendon Division of the District Court Department in two criminal complaints. One complaint alleged that he set a fire in the open air in violation of G. L. c. 48, § 13; the second complaint alleged (in eleven counts) that he stored eleven unregistered motor vehicles on his property in violation of art. XI of the municipal by-laws of the town of Templeton. On the Commonwealth's motion, both complaints were converted to civil infractions pursuant to G. L. c. 277, § 70C.

On January 13, 2009, after a trial, the judge found the defendant responsible on each complaint (and on all counts). The defendant was assessed twenty dollars for each instance of keeping an unregistered motor vehicle on private property. On the infraction of unauthorized setting of an open fire, the judge ordered the defendant to pay for the costs of suppression of the fire, setting the date of March 10, 2009, for a hearing to determine those costs. The defendant, who has represented himself throughout the proceedings, filed a notice of appeal in the District Court on January 20, 2009.[1] Six days later, on January 26, 2009, the defendant filed an appeal from each complaint in the Appellate

---

[1] This notice of appeal does not appear in either District Court docket, but is date-stamped, referenced, and included in both parties' appendices.

Division.[2] The next day the District Court judge issued findings in a written memorandum of decision dated January 27, 2009.

On February 10, 2009, the Appellate Division of the District Court Department (Appellate Division) entered the defendant's appeal and on March 4, 2009, dismissed it "for lack of subject matter jurisdiction." On March 13, 2009, the defendant appealed from the dismissal, filing a notice of appeal in the Winchendon District Court that contained the docket numbers corresponding to the two original complaints.

On April 28, 2009, a hearing was held to determine the amount of the costs incurred in connection with the fire suppression. In accordance with G. L. c. 48, § 13, the judge imposed a civil assessment of $2,429.08. On May 5, the defendant filed a notice of appeal from the April 28, 2009, rulings. Between April 28, 2009, and August 19, 2009, the defendant unsuccessfully sought various kinds of relief in the trial court including, on August 18, 2009, filing a motion to assemble the record, which the trial judge denied, reasoning that "an appeal from a decision regarding a civil infraction adjudicated under [G. L. c. 277,] § 70C, is not permitted or authorized by law . . . , [and the defendant's] notice of appeal was not [timely] filed." The defendant filed a notice of appeal from that order on August 26, 2009, and petitioned for relief to a single justice of the Supreme Judicial Court on September 24, 2009. We address the two questions identified by the single justice.

*Discussion.* 1. *Appeal from a judgment in a case that has been converted pursuant to G. L. c. 277, § 70C.* General Laws c. 277, § 70C, as appearing in St. 2005, c. 54, § 3, provides: "Upon oral motion by the commonwealth or the defendant . . . or upon the court's own motion at any time, the court may, unless the commonwealth objects, . . . treat a violation of a municipal ordinance, or by-law or a misdemeanor offense as a civil infraction." The appellate process for cases converted to civil infractions is not set out in c. 277, § 70C. We therefore

---

[2]The appeals were written on identical forms entitled "Civil Motor Vehicle Infraction Appellate Division," and on the forms the defendant set forth his claim of error and his request for appellate review. Where the phrase "motor vehicle" appeared in the forms' title and preprinted contents, it was crossed out by hand. The defendant's notice of appeal filed six days earlier was attached to both forms as "Attachment 1."

turn next to the statutes delineating the jurisdiction of the Appeals Court and the Appellate Division to determine which court, if either, has appellate jurisdiction over such a converted case.[3]

The jurisdiction of the Appeals Court is statutorily defined by G. L. c. 211A, § 10, which provides for appellate review of determinations made in the District Court for the criminal session and decisions from the Appellate Division of the District Court. Here, although the two complaints originated in the criminal session, when the judge converted the offenses pursuant to c. 277, § 70C, to civil infractions, the proceedings were no longer criminal, but became civil. On its face, c. 211A does not therefore confer jurisdiction on the Appeals Court for cases converted under c. 277, § 70C.[4]

The jurisdiction of the Appellate Division is also statutorily defined. See generally G. L. c. 231, §§ 108-110. The pertinent portion of G. L. c. 231, § 108, as appearing in St. 2004, c. 252, § 15, states that "[t]here shall be an appellate division of each district court for the rehearing of matters of law arising in [1] civil cases, [2] in claims of compensation of victims of violent crimes, and [3] in civil motor vehicle infractions." The issue then is whether the civil infractions for open air burning and the storage of unregistered motor vehicles in violation of municipal by-laws fit within the statutory definition.

The statute defining the Appellate Division's jurisdiction does not refer to all civil cases but rather to "matters of law" arising in civil cases.[5] The District/Municipal Courts Rules for Appellate Division Appeal expressly reference tort, contract, and statutory actions seeking money damages. See Rule 1(c) of the Dist./Mun. Cts. Rules for Appellate Division Appeal (1994). A general grant of equity jurisdiction is not provided to the

---

[3]General Laws, c. 249, § 4, provides for certiorari review in the Supreme Judicial Court or Superior Court for "proceedings [which] are not otherwise reviewable by motion or by appeal." *Ibid.*, as appearing in St. 1973, c. 1114, § 289. As we conclude that the Appellate Division has jurisdiction to hear the defendant's appeal, a certiorari action is not available.

[4]We note nonetheless that the Appeals Court has also been determined to have jurisdiction over certain equity matters in District Court. This is discussed further, *infra.*

[5]In contrast, G. L. c. 218, § 19, as appearing in St. 2004, c. 252, § 5, provides the District Court with "original jurisdiction of civil actions for money damages."

Appellate Division.[6] See c. 277, § 70C (referring to "matters of law"); *Walker* v. *Board of Appeals of Harwich*, 388 Mass. 42 (1983). See also Perlin & Connors, Handbook of Civil Procedure in the Massachusetts District Court § 12.2 at 357 (4th ed. 2009). Consequently, appeals of zoning decisions made pursuant to G. L. c. 40A, § 17, and abuse prevention orders have been excluded. The Supreme Judicial Court has concluded that, "in the absence of some other statutory direction," these equitable matters would fall within the jurisdiction of the Appeals Court. *Department of Rev.* v. *Jarvenpaa*, 404 Mass. 177, 181 (1989). The court reasoned that it would be appropriate to direct appeals from zoning and abuse prevention cases to the court that "normally has jurisdiction to hear appeals of equity cases. That court is the Appeals Court and not the Appellate Division . . . ." *Walker* v. *Board of Appeals of Harwich, supra* at 49. The Supreme Judicial Court also relied on the "practical" value of uniformity of review of equity cases that can initially be brought in a number of different trial courts. *Zullo* v. *Goguen*, 423 Mass. 679, 682 (1996).

With these distinctions in mind, we conclude that the statutes conferring appellate jurisdiction on the Appeals Court and the Appellate Division, although not without ambiguity, direct review of judgments arising under c. 277, § 70C, to the Appellate Division. We reach this conclusion for the following reasons. The cases are then civil, not criminal. They involve money damages, not equitable relief.[7] Additionally, the civil infractions here are not dissimilar from the civil motor vehicle infractions expressly directed to the Appellate Division.[8] Furthermore, this type of converted case is peculiar to the District Court. We are not addressing civil actions involving equitable considerations that might have been originally brought in courts other than the District Court, and in which there are "practical considerations

---

[6]The Appellate Division's jurisdiction does, however, include final equitable orders issued in tort and contract cases. Perlin & Connors, Handbook of Civil Procedure in the Massachusetts District Court § 12.1 at 355 (4th ed. 2009).

[7]The municipal by-laws at issue are not zoning by-laws.

[8]The infractions here relate to the storage of unused motor vehicles, not the type of motor vehicle infractions that appear covered by the express reference to civil motor vehicle infractions in G. L. c. 231, § 108.

for having all appeals go the same court." Compare *Department of Rev.* v. *Jarvenpaa,* 404 Mass. at 181; *Zullo* v. *Goguen,* 423 Mass. at 682.

In sum, we conclude that the Appellate Division, and not the Appeals Court, has jurisdiction over appeals of cases after conversion pursuant to G. L. c. 277, § 70C.[9]

2. *Timeliness of notice of appeal.* Having concluded that the defendant has a right of appeal to the Appellate Division, we turn to the question whether the notice of appeal was timely filed. The notice of appeal to the Appellate Division must be filed within ten days after the date of the entry of judgment. Rule 4(a) of Dist./Mun. Cts. Rules for Appellate Division Appeal (1994).[10] Here, the judgment was entered on January 13, 2009, and the defendant's first notice of appeal was filed on January 20, 2009, seven days later. This notice was supplemented with two additional notices on January 26, 2009, and also a notice of appeal filed on May 5, 2009, after the trial judge imposed the assessment for the costs of fire suppression.

When the Appellate Division dismissed the appeal on March 4, 2009, the defendant filed another notice of appeal on March 13, 2009, that contained the correct docket numbers and was filed in the appropriate court. This notice was filed in the appropriate court within the thirty-day time period set forth in G. L. c. 231, § 109, for appeals from a decision of the Appellate Division. It gave sufficient notice that the defendant was appealing from the Appellate Division order of dismissal.

---

[9] We note that there has been some uncertainty at the Appellate Division whether it has jurisdiction over c. 277, § 70C, cases. Compare *Gardner Police Dept.* v. *Drury,* 77 Mass. App. Ct. 1113 (2010), in which it was noted that the Appellate Division determined that it had no jurisdiction, with the Appellate Division's decision in *Commonwealth* v. *Franck,* 1998 Mass. App. Div. 125 (1998), a case in which the Appellate Division decided an appeal from a proceeding in which two criminal offenses had been converted to civil infractions pursuant to G. L. c. 277, § 70C. In *Franck,* the Appellate Division discussed the merits of the appeal, including ruling on the constitutionality of G. L. c. 277, § 70C, with respect to a vagueness claim.

We also recognize previous determinations of this court have not conclusively resolved the jurisdiction issue. See, e.g., *Gardner Police Dept.* v. *Drury, supra;* Commonwealth *vs.* Rothman, no. 09-P-356 (order dismissing appeal).

[10] The rule also requires the payment of a fee. No issue is raised on appeal relating to whether this payment was made.

Although the record is, as the single justice stated, "extensive and difficult to sort out," reflecting the busy docket of the District Court and some confusion resulting from pro se litigation, our review of the record leads to the conclusion that the defendant adequately preserved his appellate rights through the numerous notices of appeal that he filed at every stage of the proceedings.

*Conclusion.* We hold that the Appellate Division is the appropriate forum to consider this appeal in the first instance. Therefore, we vacate the order dismissing the appeal and remand the case to the Appellate Division for consideration of the merits of the defendant's appeal.

*So ordered.*